# Williams v. Powell.

### Bill in Equity for Rescission of Contract.

1. *Contract between administrator and distributee, transferring interest in estate.*
A contract between an administrator and one of the distributees of the estate,
by which the latter's entire interest in the estate is transferred and assigned to
the administrator, like contracts between other persons occupying fiduciary
relations towards each other, is viewed with jealousy and suspicion by a court
of equity, and is liable to be set aside, on the seasonable application of the
distributee, unless shown to be founded on adequate consideration, and to be
free from fraud, concealment, undue advantage, or violation of duty on the
part of the administrator; but, these facts being affirmatively proved, as in
this case, the validity and obligation of the contract are the same as if no fidu-
ciary relation existed between the parties.

APPEAL from the Chancery Court at Montgomery.
Heard before the Hon. H. AUSTILL.

The bill in this case was filed on the 3d September, 1878,
by Mrs. Virginia D. Powell, a married woman, who was a
daughter of William T. Judkins, deceased, against Robert S.
Williams, who was the administrator of the estate of said
Judkins; and sought to set aside a contract by which the
complainant assigned and transferred to the defendant her
entire interest in the estate of her father. The assignment,
a copy of which was made an exhibit to the bill, was executed
on the 4th April, 1876, while the complainant was sole and
unmarried; and it recites, as its consideration, the payment
in hand of $1,545.45. On final hearing, on pleadings and
proof, the chancellor held, " that said defendant did not pay
to complainant the full value of her distributive share, and
that she should not be held to the compromise;" and he
therefore rendered a decree in her favor, setting aside the
assignment. The defendant appeals from this decree, and
here assigns it as error.

E. J. FITZPATRICK, for appellant.

GUNTER & BLAKEY, contra.

BRICKELL, C. J.—The bill is filed for the rescission of
an assignment, or transfer to the appellant, made by the
appellee, passing and conveying her share and interest as
one of the heirs and next of kin in the estate of her deceased
father, William T. Judkins. The appellant was the admin-

istrator of the estate, and the brother-in-law of the appellee.

Trustee and *cestui que trust* are not disabled from dealing with each other, in reference to the trust estate ; but, upon principles of public policy, all transactions between them, by which the trustee acquires, and. the *cestui que trust* parts with, rights in and to the trust estate, or is released from liability to account, are viewed with jealousy, and can be sustained only in the absence of all fraud, or concealment, or neglect to disclose fully and fairly all information acquired in the course of the relation, and the true condition of the estate, and when founded upon an adequate consideration. Upon the trustee lies the burden of proof, and these facts must be shown by him satisfactorily, or the contract will be avoided at the election of the *cestui que trust*, seasonably expressed.—*Johnson v. Johnson*, 5 Ala. 90 ; *Juzan v. Toulmin*, 9 Ala. 662 ; *Ferguson v. Lowry*, 54 Ala. 510 ; *Malone* v. *Kelly*, *Ib.* 532 ; *Waddell v. Lanier*, 62 Ala. 347.

There is no room, in this case, for the imputation of fraud to the appellant, or concealment, or a neglect to disclose every fact of which the appellee ought to have been informed, to enable her to deal intelligently in the transaction. We can not doubt, upon the evidence, that she knew, before the assignment was executed, the condition of the estate, and the probable value of her distributive share. The matter was the subject of negotiation for some time, and she had the advice of her brother-in-law, McCarty, who had retained counsel, and investigated the state of appellant's accounts and the condition of the estate, all the property of which was as well known to the one party as to the other.

The contract is assailed really, rather because of the inadequacy of the consideration, than because of fraud, or concealment, or a want of knowledge of material facts upon the part of the appellee. Inadequacy of consideration is not, of itself, aside from the unfavorable inference to which it may give rise, ground for avoiding the contract.—*Juzan v. Toulmin*, 9 Ala. 662 ; *Judge v. Wilkins*, 19 Ala. 765. And it seems clear, from the evidence, when closely examined, that inadequacy of consideration can not be imputed to this transaction. The probable value of the distributive share of the appellee, at the time of the assignment, was not more than two thousand dollars. The payments made to her, with interest, then amounted to about fifteen hundred and fifty dollars. These payments were not the only consideration for the assignment. The extinguishment of the liability of the appellee as one of the purchasers of the lands of James H. Judkins, obtaining title to her part of the lands, was the more important consideration ; and it seems demonstrated by the calculation found

[Stewart v. Cross.]

in the argument of appellant's counsel, that not only is there no inadequacy of consideration, but that, in fact, the appellee has received more than the value of her distributive share in any event. When a contract between trustee and *cestui que trust* is free from fraud, or circumvention, or violation of trust and duty, and is founded on a fair consideration, courts are under the same obligation to enforce it as if no confidential relation existed between the parties. We are satisfied the assignment was deliberately executed by the appellee, and that it is free from all just exception.

The decree of the chancellor must be reversed, and a decree here rendered dismissing the bill, at the costs of the appellee in this court and in the court below.