## BERRY *v.* VAN HISE.

1. In an application for letters of administration, where the caveator alleges certain facts as giving her a right to object to the grant of administration, if the applicant desires to challenge the caveator's right to object, he must do so by timely motion or other appropriate pleading. The applicant can not litigate with his adversary in the trial court, and complain for the first time in this court that the caveator has no such interest as will entitle her to object to the grant of letters of administration.

2. Letters of administration on the estate of a person, who at the time of his death was a non-resident of the State, will not be granted unless it is made to appear that such decedent has property in the county where the application is made, or has a bona fide cause of action against some person therein.

JUNE 18, 1910.

Appeal. Before Judge Kimsey. Habersham superior court. June 8, 1909.

*J. C. Edwards.* for plaintiff in error.

*J. H. Sutton* and *Robert McMillan,* contra.

EVANS, P. J. On September 27, 1902, Mrs. C. L. Berry sold and conveyed to T. J. Barnard a tract of land for $3,000. On the same day Barnard executed to Mrs. Berry a mortgage to secure the purchase-money, which was represented by nine notes for $300 each and two notes for $150. The sale of the land was consummated

through the agency of J. H. Hicks, and in payment of his commissions Mrs. Berry delivered to him one of the $150 notes with the following indorsement: "Pay the within note to the order of J. H. Hicks, without recourse upon me. Mrs. C. L. Berry." Hicks afterwards indorsed the note to Van Hise for value and before maturity. On September 3, 1904, T. J. Barnard reconveyed the land to Mrs. Berry by deed expressing a consideration of $3,000. Mrs. Berry addressed the following note to the clerk of the superior court, which was attached to the mortgage: "Clarkesville, Ga., Oct. 10th, 1904. Mr. J. A. Erwin. Dear Sir,—Please cancel mortgage from T. J. Barnard to myself, recorded in Book 8, folio 228, and oblige. Respt. Mrs. C. L. Berry." The words of this writing were entered upon the record book of the mortgage; and across the face of the original mortgage was entered: "Cancelled, October 10th, 1904." Van Hise brought suit against Mrs. Berry and Barnard, the character of which does not appear in the record. Pending the suit Barnard died, and Van Hise applied to the ordinary of Habersham county for letters of administration on his estate. In his application he represented that he was a creditor of Barnard, who at the time of his death was a non-resident of the State, but that he left real and personal property in the county of Habersham. Mrs. Berry filed a caveat to the grant of letters of administration, alleging therein, that the applicant had filed a suit in the superior court of Habersham county, Georgia, in which suit he was seeking to subject the caveator's land for the payment of a certain note made by T. J. Barnard; that caveator denied liability on the note, or that her land was subject to pay it; but that if the issue should be found against her, she was entitled to reimbursement from the estate of Barnard, and therefore was interested in the choice of an administrator on his estate; that at the time of Barnard's death he did not reside in the State of Georgia, neither did he have any property, real or personal, within the county of Habersham or State of Georgia at the date of his death; that the sole object of the application is to have an administrator appointed for the purpose of making parties to a case in the superior court of Habersham county, in which case caveator is defendant; that Barnard was a resident of Jackson county, Missouri, at the time of his death, and that the probate court of that county and State has jurisdiction of the granting of letters of administration. The case

was appealed from the court of ordinary to the superior court; and on the trial the foregoing facts appeared from the evidence submitted. The court directed a verdict in favor of the applicant for administration. A motion for new trial was made by Mrs. Berry, which being refused, she brings error.

In his brief counsel for defendant in error insists that Mrs. Berry had no such interest in the estate of Barnard as would entitle her to caveat an application for administration on his estate. There is nothing in the record before us to indicate that such point was either made or adjudicated in the trial court. She made certain allegations in her caveat, intended to show such interest in the estate of Barnard as would give her the right to caveat the application for administration. If the applicant desired to challenge her right to litigate over his appointment, he should by proper motion or other pleading have done so. After a trial in which both sides introduced evidence, which eventuated in a verdict, it is too late to raise for the first time the point in this court, and that, too, only in the argument.

Before the ordinary can grant administration upon the estate of a person who was not a resident of the State at the time of his death, it must appear that such decedent has property in the county where the application is made, or has a bona fide cause of action against some person therein. Civil Code, § 4234. *Neal* v. *Boykin,* 129 *Ga.* 676 (59 S. E. 912, 121 Am. St. R. 237). The decedent had neither tangible property nor a bona fide cause of action against any person residing in Habersham county. It is immaterial for the purposes of this case whether, under the facts stated above, Mrs. Berry had a right to cancel the mortgage which Barnard had given to secure the purchase-money notes of the land, one of which was held by the applicant, Van Hise. Certainly no impediment existed to prevent Barnard from reconveying the land to Mrs. Berry in settlement of her debt, or upon any other valid consideration. By his conveyance he divested himself of all title to the property. We are not apprised of the character of the litigation in which Van Hise seeks to hold Mrs. Berry responsible on the note which she had indorsed without recourse. From the brief reference to it we gather that the whole object of obtaining letters of administration was to provide a way, not for asserting or establishing a right in favor of the decedent's administrator, but of assert-

ing and establishing a right against that representative. The purpose of appointing administrators is to administer estates; and if the non-resident decedent has neither property nor a cause of action in the jurisdiction of the court, it follows that the court has no power to appoint an administrator. *Patillo* v. *Barksdale*, 22 *Ga.* 356. The court erred in directing a verdict for the applicant.

<div align="center">

*Judgment reversed. All the Justices concur.*