[No. 10964. Department Two. May 5, 1913.]

*In the Matter of the Estate of* ANSON GOSS.[1]

EXECUTORS AND ADMINISTRATORS—RIGHTS OF ADMINISTRATOR AND LEGATEES—ASSIGNMENT OF LEGACY. An administratrix with the will annexed may purchase, with her individual funds, the interests of the residuary legatee, and the assignment thereof is not fraudulent as to the other legatees by reason of her relation to the estate, when she did not use the money of the estate to obtain a pecuniary advantage or to perpetrate a fraud upon the rights of the other legatees.

[1]Reported in 132 Pac. 409.

WILLS—ESTOPPEL TO ATTACK — ELECTION — ACCEPTING BENEFITS. Beneficiaries of specific legacies under a will accepting their legacies under an order of distribution thereby elect to take under the will, and cannot contest the provisions of the will under which the residuary estate is distributed.

EXECUTORS AND ADMINISTRATORS—DISTRIBUTION—CONCLUSIVENESS. Beneficiaries under a will who took no exceptions or appeal from an order approving a settlement and discharging an administratrix with the will annexed are precluded from attacking the acts of the administratrix in settling the estate.

Appeal from a judgment of the superior court for Lincoln county, Baske, J., entered September 13, 1912, in favor of the defendants, after a hearing before the court upon objections to the petition of an administrator for distribution of an estate. Affirmed.

*Danson, Williams & Danson (George D. Lantz, of counsel),* for appellants.

*Post, Avery & Higgins,* for respondent Shanahan.

MORRIS, J.—Anson Goss died June 19, 1900, leaving surviving him three chidren, Mrs. Shanahan of Sprague, Alfred P. Goss residing in Montana, and Mrs. DeHaven residing in Michigan. For some time prior to his death, Anson Goss had been engaged in the banking business at Sprague, and at his death left a large estate, consisting principally of notes and mortgages. The majority of these notes were payable to Mrs. DeHaven. No will was found among his effects, and Mrs. Shanahan applied to the superior court for letters of administration. This application came on for hearing September 7, when Mrs. DeHaven filed objections to the granting of letters to Mrs. Shanahan, and set forth that the deceased had died testate and that she had been in possession of the will and had offered the same for probate in the state of Michigan. On November 4, Mrs. Shanahan's petition for letters was granted, and she was appointed administratrix, the objections of Mrs. DeHaven being overruled, the court finding that there was no will within the jurisdiction

of the court, and that Mrs. DeHaven, although claiming to have the last will of the deceased, had failed and refused to produce it.

On November 24, Mrs. DeHaven filed a suit in equity in the circuit court of the United States for the eastern district of Washington, claiming as her own property all of the notes which Mrs. Shanahan had obtained under her appointment as administratrix as belonging to the estate of Anson Goss, setting forth in her bill that Anson Goss had made the loans as her agent acting under a power of attorney, and asking for the appointment of a receiver to take charge of all the property. The receiver was appointed and, under orders from the court, Mrs. Shanahan surrendered to him all of the notes then in her possession, and appealed from the order appointing the receiver. Pending this appeal and on June 20, 1910, Mrs. Shanahan and Mrs. DeHaven arranged a settlement, whereby Mrs. DeHaven accepted notes and cash approximating $41,000, and assigned all her interest in the estate of her father as heir or legatee under his will to Mrs. Shanahan. This settlement was carried into effect by a decree of the court entered July 23, 1910, when the suit was dismissed. The will of Anson Goss was then offered for probate in Lincoln county, and Mrs. Shanahan petitioned for letters with the will annexed, and filed the resignation of Mrs. DeHaven as executrix. A Mrs. Rider, a creditor of the deceased, also applied for letters. Both of these petitions were denied by the court, and on October 5, 1910, the will was admitted to probate and John F. Hall appointed administrator with the will annexed.

By the terms of this will, so far as is here material, certain notes and mortgages were bequeathed to Mrs. Shanahan, $100 was given to Alfred P. Goss, $6,000 to Fred A. Goss, a son of Alfred P., and the residue of the estate was bequeathed to Mrs. DeHaven. Alfred P. Goss died in January, 1910, and his wife, Effa Goss, was, by a court of appropriate jurisdiction in Montana, appointed administratrix of his estate.

In October, 1910, Mrs. Shanahan reported the settlement of the equitable action in the Federal court to the superior court of Lincoln county as part of her report as administratrix of the estate of Anson Goss, and on March 7, 1911, filed with the same court a supplemental report, setting forth the terms of that settlement and attaching as a part thereof the decree of the Federal court, and praying for the approval of this settlement and of her accounts as administratrix. Due notice of this application was given and on April 25, the court, after appointing C. A. Pettijohn, an attorney of Lincoln county, as guardian *ad litem* for Fred A. Goss and other minors interested in the estate, entered a decree approving the acts and doings of Mrs. Shanahan as such administratrix, reciting in its decree that the parties interested, including the guardian *ad litem*, had appeared and that oral and documentary evidence had been introduced supporting the original and supplemental report, and discharged Mrs. Shanahan as such administratrix. This order of approval and discharge has not been appealed from. Inasmuch as this decree approves the settlement of the Federal suit and recites that such approval was made after due hearing, we may assume the court was put in possession of the facts with regard to that settlement. Such an inquiry would be the natural and proper thing to do before the court gave this settlement the seal of its approval; especially since minors were interested in the estate and their interest was then being cared for by their guardian *ad litem*.

In April 1, 1911, Fred A. Goss, through his guardian other than the one who had represented him on the hearing and approval of Mrs. Shanahan's account, commenced proceedings to test the will of Anson Goss, upon the ground of the mental incapacity of the testator, and proceeded as far as the taking of depositions in the state of Michigan in the endeavor to establish such incapacity. This proceeding was dismissed in the superior court of Lincoln county in January, 1912, no appeal being taken from the order of dismis-

sal. In May, 1912, John F. Hall, as administrator with the
will annexed, made his final report and filed his final account,
and on June 7, this report and account came on for hearing,
at which time the parties interested were represented and the
report and account were approved and a partial distribution,
including the bequest to Fred A. Goss, was ordered. This
order has not been appealed from. Thereafter Effa Goss, as
administratrix of Alfred P. Goss, and Fred A. Goss, through
his guardian, filed objections to the distribution of the residue
of the estate to Mrs. Shanahan as assignee of Mrs. DeHaven,
residuary legatee under the will, and prayed the court to dis-
tribute one-half of such residuary estate to the petitioners
and the remaining one-half to Mrs. Shanahan. This peti-
tion being set for hearing, was on such hearing denied, and
the petitioners have taken this appeal.

The theory under which a reversal of this order is asked
is that Mrs. Shanahan, as administratrix of the estate of
Anson Goss, stood in a fiduciary relation to the heirs of the
estate, and could not act in such a way as to derive any per-
sonal benefit from any transaction entered into by her as such
administratrix, and that, when she obtained the assignment
of Mrs. DeHaven's right as residuary legatee under the will,
such assignment operated to the benefit of all the heirs, and
they are entitled to share in such residuum.

It will be admitted that an administratrix cannot be al-
lowed to acquire any interests inconsistent with the repre-
sentative capacity she sustains, nor permitted to make a per-
sonal profit out of her dealings with the property of the
estate. It does not appear to us, however, that such a rule
is a proper one to apply to the facts here presented. The
decree in the Federal suit adjudged that Mrs. DeHaven was
the owner of, and entitled to the possession of, approximately
$41,000 of the money represented by the notes and mort-
gages Mrs. Shanahan had inventoried as belonging to the
estate of Anson Goss, and that the ownership by Mrs. De-
Haven of these notes and security was as her sole and sep-

arate property, free and clear of any claims of Mrs. Shanahan, either as an individual or as administratrix of the estate of Anson Goss. The fact that this decree was entered by consent of all the parties to that suit does not detract from its force and the effect that must be given it. In obtaining this money from the receiver, Mrs. DeHaven then did not obtain from Mrs. Shanahan any property or funds belonging to the estate of Anson Goss, nor did Mrs. Shanahan, as administratrix, part with any such money or funds. She did not then use the money of the estate to further her own interests, or to obtain any fraudulent or undue advantage over other heirs or legatees of Anson Goss. The assignment, whereby Mrs. DeHaven transferred to Mrs. Shanahan all her rights as residuary legatee under the will of Anson Goss, recites as its consideration one dollar and other good and valuable considerations. What these other "good and valuable considerations" were does not appear in this record. There can be no doubt but that Mrs. DeHaven had a right to sell or assign her interest in the estate of Anson Goss as residuary legatee, and that Mrs. Shanahan had an equal right to purchase such interest, so long as in doing so she did not use the money of the estate to obtain a pecuniary benefit to herself and thus perpetrate a fraud upon those to whom she occupied a fiduciary relation. There is nothing in this record to support a finding that Mrs. Shanahan, as administratrix, did anything that could be regarded as in fraud of the equitable rights of these appellants. All that appears is that individually she purchased the residuary interest of her sister. This, we think, she had a right to do, and no court would, because of this fact alone, be justified in holding such an act was fraudulent as against these appellants, and because of such fraud they would be entitled to share with Mrs. Shanahan in an equal division of the residuum of this estate. Contracts of the character of that between Mrs. Shanahan and Mrs. DeHaven, when fair in themselves, will be upheld as any other contracts, and the mere fact that the parties to

the contract are the administratrix and legatee under the will does not of itself establish fraud. *O'Neile v. Ternes*, 32 Wash. 528, 73 Pac. 692; *Haight v. Pearson*, 11 Utah 51, 39 Pac. 479; *Lovett v. Morey*, 66 N. H. 273, 20 Atl. 283; *In re Dundas' Estate*, 136 Pa. St. 318, 20 Atl. 638; *Copeland v. Bruning*, 44 Ind. App. 405, 87 N. E. 1000, 88 N. E. 877; *Golson v. Dunlap*, 73 Cal. 157, 14 Pac. 576; *Shelby v. Creighton*, 2 Neb. (Unof.) 264, 267, 96 N. W. 382; *Erskine v. De la Baum*, 3 Tex. 406, 49 Am. Dec. 751; *Caldwell v. Boyd*, 109 Ind. 447, 9 N. E. 912; *Williams v. Powell*, 66 Ala. 20, 41 Am. Rep. 742.

The will of Anson Goss is not attacked in this proceeding. It must therefore be accepted as valid. Under its terms specific bequests were given to Alfred P. and Fred A. Goss. These bequests have been accepted by them under a decree sustaining the settlement of the Federal suit. They cannot in one breath accept the provisions of the will operating to their benefit, and in the next seek to defeat provisions operating to the benefit of other legatees. If the will is good as to one of its features, it is good as to all. It either disposes of the estate of Anson Goss or it does not. In consenting to a partial distribution under the will, these appellants have elected to take under the will, and ought not now to be heard to say, as beneficiaries of specific legacies under the will, they accept its terms but reject the provisions upon which the residuary estate is distributed. *Van Schaack v. Leonard*, 164 Ill. 602, 45 N. E. 982; *Hyatt v. Vanneck*, 82 Md. 465, 33 Atl. 972.

Appellants were represented at the hearing on April 24, 1911, when the court considered the settlement of the Federal court action as reported by Mrs. Shanahan, and approved of that settlement and discharged her as administratrix of the estate of Anson Goss. They took no exceptions to the order of approval, nor did they seek in any way to contest the ruling of the court in giving its approval to that settlement or discharging Mrs. Shanahan as administratrix.

That discharge operated as a finding by the court that Mrs. Shanahan had properly discharged all her duties to the estate as such administratrix, and that as such administratrix, neither these appellants nor others had any just claim against her of which the courts should take cognizance. Their position now is not consistent with their position then, claiming as they now do that she had not performed her whole duty to the estate and had defrauded them in her dealings with Mrs. DeHaven.

It may be that we have undertaken unnecessary labor in passing upon the merits of this appeal, so far as Effa Goss, as administratrix of the estate of Alfred P. Goss, is here seeking to establish a right to share in the residuary estate, which is practically all the interest here represented; for if the residuary clause be not in force, then the residuary estate would be distributed between Mrs. Shanahan, Mrs. DeHaven and Effa Goss, as administratrix of Alfred P. Goss. Effa Goss petitioned here solely as administratrix under her appointment by the Montana court, and it was held in *Barlow v. Coggan,* 1 Wash. Ter. 257, that the courts of this state take no notice of foreign administration, and an executor or administrator as such cannot sue or defend in the courts of this state. The announcement of this rule here would be fatal to this appeal; but, believing the decree should be affirmed on its merits, we have thought it better to do so than interpose any technical rule to defeat the appeal.

Error is suggested in the rejection of evidence, which will not be further reviewed than to say we find no error in the ruling below.

The judgment is affirmed.

CROW, C. J., MAIN, ELLIS, and FULLERTON, JJ., concur.