[No. 14509. Department Two. April 29, 1918.]

*In the Matter of the Estate of* MARY M. PARKES.
CHARLES H. PARKES, *Appellant*, v. J. H. BURKHART *et al.,*
*Respondents.*[1]

EVIDENCE—JUDICIAL NOTICE—JUDICIAL PROCEEDINGS. Upon a contest in probate over claims and the distributive shares, the lower court takes judicial notice of its own records in the probate proceedings, and on appeal the supreme court may notice judicially all that the lower court may; hence a transcript of the probate proceedings is properly filed on appeal, as part of the appellant's petition below.

WILLS—ELECTION—RATIFICATION OF WILL. One who takes specific devises under a will makes an election and cannot defeat collateral devises to others passing certain properties in fee or charge them with a trust, on the ground that the testatrix held it in trust for him under an agreement to will him all her property; and by offering the will as a valid testamentary disposition so far as it passes property to him, he ratifies it in its entirety.

TRUSTS—EXPRESS TRUSTS—PAROL PROOF. Where an heir conveyed an interest in an estate to the deceased widow in consideration of the latter's agreement to will all the estate to him upon her death, the trust, if any, was an express trust, which cannot be established by parol where it affects real property.

[1]Reported in 172 Pac. 908.

FRAUDS, STATUTE OF—DAMAGES FOR BREACH OF CONTRACT UNDER STATUTE. Where an express trust under an oral contract to will real estate cannot be established by proof, under the statute of frauds, no damages can be awarded for breach of such contract.

EXECUTORS AND ADMINISTRATORS — CLAIMS — FILING AND ALLOWANCE—BAR—WAIVER. The filing of a claim against an estate covering certain years, is not a waiver of all items of like character for different years not included, and allowance of the first claim does not operate as a former adjudication barring a second claim, filed within the time for presenting claims against the estate.

SAME—CLAIMS — SUFFICIENCY — PLEADING. A claim against an estate for services by a relative need not state facts overcoming the presumption that they were gratuitous, since the same precision is not required as in pleading.

Appeal from an order of the superior court for Pierce county, Card, J., entered October 3, 1917, upon sustaining a demurrer to the petition, dismissing proceedings for equitable relief. Affirmed in part and reversed in part.

*Hoppe & Hoppe* and *Frank H. Kelley*, for appellant.

*Guy E. Kelly* and *Thomas MacMahon*, for respondents.

PER CURIAM.—Appellant filed a petition in the probate proceedings upon the estate of Mary M. Parkes, deceased, in which he set forth that his father, Charles R. Parkes, died intestate at Tacoma on August 25, 1909, leaving him surviving his widow, Mary M. Parkes, and appellant; that all of the property accumulated by Charles R. Parkes in his lifetime was the community estate of himself and Mary M. Parkes; that Mary M. Parkes was not the mother of appellant, but, by reason of her marriage to appellant's father while appellant was of tender years, the same love, affection, and confidence existed between them as if the relation between them had been that of mother and son; that, while the community estate of

Charles R. Parkes was in process of settlement, Mary M. Parkes, fearing that, if the estate were distributed according to law—that is, one-half to Mary M. Parkes and the remaining half to appellant—the share of Mary M. Parkes would be insufficient to support and maintain her, proposed to the appellant that, if he would convey to her all his right, title, and interest in his father's estate, she would make a will devising and bequeathing all of the property of which she should die possessed to appellant; that, actuated by his affection and having confidence in Mary M. Parkes, appellant agreed to this proposal, and in accordance therewith duly conveyed all his right, title and interest in his father's estate to Mary M. Parkes; that the proposition and acceptance relied upon were oral; that this oral agreement was partly performed by a conveyance of certain described real estate from Mary M. Parkes to the appellant on December 15, 1913, which property so conveyed was a part of the property received by Mary M. Parkes from the estate of her husband under the agreement between Mary M. Parkes and appellant; that Mary M. Parkes died testate on June 28, 1916, leaving a will in which she named appellant as executor, devised to him certain real estate and bequeathed to him certain personal property, disposing of the remainder, constituting the greater part of her estate, to certain of her collateral relatives.

Appellant then alleges that the value of his distributive share in his father's estate, which under the agreement between himself and Mary M. Parkes he conveyed to her, was $6,000. He then prays, (1) for a decree establishing the oral agreement between himself and Mary M. Parkes, and that the collateral devisees under the will of Mary M. Parkes be charged with a trust in his favor as to all property received by them under the will of Mary M. Parkes; (2) if this

relief be not granted, then that he be allowed a claim against the estate of Mary M. Parkes in the sum of $6,000, with interest from the date of his conveyance to Mary M. Parkes under the alleged agreement. On the same day and as part of the same petition, he filed a second claim, in which he recited that, for seven years between the death of her husband and her own death, he rendered certain personal services to Mary M. Parkes and incurred certain expenses for her use and benefit in the sum of $1,675.80; that theretofore he had filed a claim against the estate of Mary M. Parkes for a part of the above services to the extent only of $624, under the mistaken belief that he could recover from the estate only for such services as had been performed within three years prior to the death of Mary M. Parkes. This petition was treated as a complaint, and a demurrer thereto was interposed by respondents, which was sustained, and from which this appeal follows.

Respondents have filed in this court a transcript of the probate proceedings in the estate of Mary M. Parkes, which appellant moves to strike. The purpose of that transcript is, of course, to acquaint this court with the various steps taken by appellant, as executor of the estate of Mary M. Parkes, in the settlement and probate of her estate. The motion to strike will be denied. It would serve appellant no good purpose if it were granted, as this court would, for the purposes of the appeal, take judicial notice of all that the lower court properly noticed. The only purpose served by this transcript then is to bring before this court in an orderly way the matters and things of which the lower court took judicial notice. The lower court would, without doubt, take judicial notice of its own records in the very proceeding in which appellant had filed his petition and in which it was called upon to act, and these

matters of judicial notice were just as much a part of appellant's petition and as properly considered by the court in ruling thereon as if specific reference had been made to them. *French v. Senate of California,* 146 Cal. 604, 80 Pac. 1031, 69 L. R. A. 556.

From these matters of judicial notice, which the lower court was authorized to consider in aid of the demurrer, it appears that, on June 30, 1916, appellant petitioned for the probate of the will of Mary M. Parkes, specifically alleging that the real property in controversy here was the property of decedent; on that day he caused notice to be sent to the state board of tax commissioners, setting forth the names and addresses of these respondents and giving the estimated value of their shares, and also setting forth that the real property given to him by the terms of the will had been deeded to him in the lifetime of decedent; the will which he offered for probate bequeathed to him all the money, notes and mortgages of the estate, and nominated him as executor thereof; he obtained his appointment as executor and filed his oath as such; on July 27, 1916, he inventoried this property as the property of decedent, and caused it to be appraised as such, and caused this inventory and appraisement to be served on the state board of tax commissioners; on August 2, 1916, September 28, 1916, October 26, 1916, January 17, 1917, April 5, 1917, and May 23, 1917, appellant petitioned for and obtained orders permitting him, as executor, to repair the dwellings in the estate which had been devised to respondents; on August 7, 1916, appellant petitioned for and obtained an order permitting him, as executor, to sell the personal property, heirlooms, etc., devised to respondents, and actually did sell them at public auction for less than $162; on December 28, 1916, as a legatee under the will, he petitioned for a partial distribution to him on his

money legacy, and the court, upon this petition did distribute to him, as legatee under the terms of the will, the sum of $500; on May 23, 1917, appellant petitioned for an order to sell the real property devised to respondents, in order to pay to himself the alleged debt which he had established upon an *ex parte* application; and by various orders in which he describes the property which he wishes to sell as the property of the estate, he has continued the hearing upon this petition to May 1, 1918, in order that, in the event that this appeal is decided against him, he may still go on with his petition; on June 30, 1917, exactly one year after his appointment as executor, as executor he instituted the present contest.

These facts make a proper case for the application of the doctrine of election. Appellant is seeking to take under the will and, at the same time, set up a right or claim which, if well founded, would defeat the will in so far as it affects respondents. The will expresses a clear intention on the part of the testatrix to pass certain property to appellant and to pass certain other property in fee to respondents. It is well to remember that appellant was not an heir of Mary M. Parkes. Unless, therefore, he takes under the will, he can have no interest in her estate. He cannot, then, offer the will as a valid testamentary disposition of the estate of Mary M. Parkes, in so far as it passes property to him, but regard it of no effect and virtually set it aside as to its other features. It is too well settled that one who accepts a benefit under a will must accept the whole will and ratify every portion of it. *In re Goss' Estate.* 73 Wash. 330, 132 Pac. 409.

Appellant, if we understand his position, does not ask us to disregard this principle. He says he is seeking to sustain the will in all things, but to obtain a decree which shall find that the respondents, as devisees

under the will, are trustees in equity for appellant. If the will is given effect, then respondents are, and from the death of Mary M. Parkes have been, the owners in fee of whatever was devised to them under the will. If owners in fee, they cannot be held to hold in trust for appellant or any other person. Appellant says this trust he seeks is an implied trust arising by operation of law. In another section of his brief he says, "the facts stated charged the decedent with a constructive or resulting trust and that her devisees would take under the will charged with the same trust." Under the generally accepted meaning of these terms, the facts disclose no implied trust, neither a constructive nor resulting trust. It cannot be an implied trust, for such a trust arises only from the language of the parties where no express trust is declared, but words are used from which the courts infer or imply a trust was intended. Perry, Trusts, § 25. The facts show nothing of this character. It cannot be a constructive trust or, as it is sometimes called, a trust *ex maleficio,* as such a trust only arises where one clothed with some fiduciary or like character, by fraud or otherwise, gains some advantage to himself which the law will not permit him to retain, but decrees that he hold it in trust for the one whom he has defrauded. Perry, Trusts, § 26. Nothing of this kind is pleaded. It is not a resulting trust, for such a trust can never arise from any contract or agreement of parties, but is one which the law presumes from their acts. Perry, Trusts, §§ 27, 134.

It is plain that, if any trust is here created, it arises, not out of the law in the absence of agreement, but directly out of the agreement of the parties pleaded by appellant in his complaint. Appellant is directly seeking the enforcement of the agreement he alleges; an express agreement and an express trust. The facts

pleaded can fit no other form of trust. Where two parties enter into an express agreement in relation to their property, there is no semblance of an implied or resulting trust; if trust of any nature, it is an express trust and subject to all the limitations of such a trust, among which is that it cannot be established by parol where it seeks to affect the title to real property. Many of our cases have so declared the law and they will be found cited in *Arnold v. Hall,* 72 Wash. 50, 129 Pac. 914, 44 L. R. A. (N. S.) 349, and *Nichols v. Capen,* 79 Wash. 120, 139 Pac. 868.

This, in effect, likewise disposes of appellant's second prayer for relief, the $6,000 claim against the estate. This claim could not be established by proving the alleged agreement. Since it cannot be proved, its failure cannot be proved, and no recovery awarded appellant because Mary M. Parkes failed to carry out her agreement.

What appellant is really seeking to do under this part of his complaint is to recover damages for the breach of a contract he cannot prove. The fact that he seeks to establish it as a claim against the estate does not change its nature. He says in effect, "If the courts will not enforce my agreement with the decedent, then I am entitled to recover the extent of my damage, because (1) the decedent breached the agreement, and (2) because, under the law, the courts cannot enforce it." The agreement is clearly one relating to real property, and since it cannot be proved, there is no way in which the breach or failure can be established.

Appellant's third contention is that the lower court erred in not permitting him to file an additional claim against the estate. Appellant had already presented, and the court had allowed, a claim in the sum of $624, of the same character but covering different years, and the lower court was of the opinion that the filing of the

first claim was a waiver of all items of like character not included, and its allowance operates as a former adjudication.

The second claim was filed within the time for presenting claims against the estate, and may, therefore, be regarded as an original claim. We cannot agree with the lower court that, when a claimant against an estate has filed his claim and the same has been allowed, this is a waiver of all liens of a like nature not included; neither can the allowance of a claim have the effect of a judgment so as to raise the bar of *res adjudicata.* The allowance of the claim is its establishment as a charge of indebtedness against the estate. But this allowance is only a qualified allowance, since the heirs and distributees may question it, as they may question any expenditure of the funds of the estate upon the hearing of executor's reports, or at any other due and suitable time.

Respondents argue in support of this part of the judgment that, because of the relationship between the appellant and the deceased, the services will be presumed to be a gratuity, and that there is no plea of any fact that will overcome this presumption. It is not essential that claims against estates should recite the facts with the precision and particularity of a complaint. Whether appellant can substantiate his claim will be determined when he is called upon to do so. Hence the only question now is, Is he entitled to present it to the lower court and be accorded a hearing on it? We think he is. The demurrer to this part of the complaint should have been overruled.

The order appealed from is therefore sustained as to part one of the complaint and reversed as to part two. The cause is remanded with instructions to the lower court to permit the filing of appellant's second claim.

Appellant will recover appeal costs.