[No. 25142. Department One. August 7, 1934.]

*In the Matter of the Estate of* ISABELLA ROWLEY, *Deceased.*

FARMERS STATE BANK OF UNIONTOWN, *Appellant*, v. WALTER S. TALBOTT, *as Administrator, Respondent.*[1]

[1]Reported in 35 P. (2d) 34.

*Stotler & Voorhees,* for appellant.

*Hanna, Wilkinson & Evans,* for respondent.

STEINERT, J.—This is an appeal from an order overruling a motion to set aside and vacate a decree admitting a will to probate and appointing an administrator with the will annexed.

The matter comes before us on a bill of exceptions, which presents the following state of facts: In July, 1932, Isabella Rowley, a resident of the state of Iowa, commenced an action, cause No. 18321, in the superior court for Whitman county against Farmers State Bank of Uniontown. The action was for money due under an implied contract arising out of the conversion of certain collateral securities deposited by Mrs. Rowley with the bank. After the action had been commenced, Mrs. Rowley died testate in, and a resident of, Keokuk county, Iowa. Her will, however, did not name an executor. It later appeared that Mrs. Rowley left no property in the county of her residence, and her will has never been probated in that county, or elsewhere in Iowa, so far as the record here discloses. It also appears that Mrs. Rowley left no property in the state of Washington other than the claim asserted by her in her action against the bank.

Upon application to the probate department of the superior court for Whitman county, Mrs. Rowley's will

was admitted to probate therein, and Walter S. Talbott, a resident of that county, was appointed administrator with the will annexed. The administrator duly qualified, and thereafter an order was entered in the pending action, No. 18321, substituting him as plaintiff therein. The bank then appeared specially in the probate proceeding and moved to quash and vacate the decree admitting the will to probate and appointing the administrator. The motion being overruled, the bank took an appeal.

The question presented to this court is whether the cause of action pending in Whitman county at the time of the nonresident plaintiff's death in another state constituted property in this state sufficient to give the local court jurisdiction to appoint an administrator of the decedent's estate. The appellant bank insists that the court was without jurisdiction to make the appointment, and rests its contention upon Rem. Rev. Stat., § 1376, which reads:

"Wills shall be proved and letters testamentary or of administration shall be granted:

" (1) In the county of which deceased was a resident or had his place of abode at the time of his death.

" (2) In the county in which he may have died, or in which any part of his estate may be, he not being a resident of the state.

" (3) In the county in which any part of his estate may be, he having died out of the state, and not having been a resident thereof at the time of his death."

In answer to appellant's contention, the respondent administrator asserts that his rights fall squarely within subdivision (3) of the above statute.

The question before us narrows itself to a single proposition, that is, whether the situs of the property represented by the cause of action in process of litigation must, for present purposes, be considered to be located at the domicile of the decedent, or whether

it is to be considered to be located at the domicile or residence of the debtor.

Generally speaking, the situs of personal property follows the domicile or person of the owner, and, undoubtedly, the law of the domicile governs the distribution of the estate of a decedent. *Rader v. Stubblefield,* 43 Wash. 334, 86 Pac. 560; *In re Lyons' Estate,* 175 Wash. 115, 26 P. (2d) 615; 11 R. C. L. 445, § 548. But that principle does not always apply in determining the location of assets for the purpose of conferring jurisdiction upon the court for their administration. It is well settled that, for the purpose of. establishing a basis for administration, simple contract debts are considered as having their situs at the domicile of the debtor. 11 R. C. L. 71, § 67.

In *Wyman v. Halstead,* 109 U. S. 654, 3 S. Ct. 417, 27 L. Ed. 1068, it was said:

"The general rule of law is well settled, that for the purpose of founding administration all simple contract debts are assets at the domicil of the debtor; and that the locality of such a debt for this purpose is not affected by a bill of exchange or promissory note having been given for it, because the bill or note does not alter the nature of the debt, but is merely evidence of it, and therefore the, debt is assets where the debtor lives, without regard to the place where the instrument is found or payable."

This statement of the rule has been incorporated into the opinions in many subsequent cases.

In 3 Schouler on Wills, Executors and Administrators (6th Ed.), p. 1725, § 1468, is stated the rule and the reasons therefor, in these words:

"Last domicil affords the suitable principal forum for procuring credentials of authority and settling the estate of a deceased person. But inasmuch as the collection of credits and effects, the payment of debts, the distribution of the residue, and the final settlement of

the estate, are of universal convenience, the courts of one country or State do not feel compelled to wait until those of another have acted, nor to submit domestic claims to foreign jurisdictions; but, aside from the deceased person's last domicil, and a principal probate appointment, any competent local and ancillary appointment is procurable, on the suggestion that property requiring administration lies within the local jurisdiction. In other words, locality of personality belonging to the estate of a deceased person (to say nothing of local real property) may confer a local probate jurisdiction regardless of the consideration of his last domicil. This general doctrine is amply recognized in the statutes of England and the several United States which relate to probate jurisdiction. Inasmuch as public law treats the gathering in of a dead person's property as a matter of mutual convenience to creditors, kindred, and the State or sovereign, statutes now in force in most civilized States or countries provide expressly for administration upon the estates of persons who die resident abroad, leaving property to be administered within the domestic jurisdiction. In such a case, the grant having no extra-territorial force, and the State showing solicitude for the rights of foreign parties in interest, if there be such, the existence of *bona notabilia* or local assets is taken, nevertheless, to confer the jurisdiction, regardless of domicil.''

The term *"bona notabilia"* used in the last quotation means notable goods, or property worthy of notice, or of sufficient value to be accounted for. 1 Bouvier's Law Dictionary, p. 374; 3 Schouler, Executors and Administrators (6th Ed.), p. 1726, § 1471. The term includes almost every kind of personal property, whether tangible or intangible, if it has appreciable value. It includes choses in action and all money rights. *Abbott v. Coburn*, 28 Vt. 663, 67 Am. Dec. 735; *Murphy, Neal & Co. v. Creighton*, 45 Ia. 179; *Fox v. Carr*, 16 Hun. (N. Y.) 434; *Murphy v. Crouse*, 135 Cal.

14, 66 Pac. 97, 87 Am. St. 90; *In re Lowham's Estate,* 30 Utah 436, 85 Pac. 445; *Berry v. Van Hise,* 134 Ga. 615, 68 S. E. 423; *St. Louis S. W. R. R. Co. v. Smitha,* 190 S. W. (Tex. Civ. App.) 237, affirmed, 111 Tex. 285, 232 S. W. 494; *Forrester v. Southern Pac. R. R. Co.,* 36 Nev. 247, 134 Pac. 753, 136 Pac. 705, 48 L. R. A. (N. S.) 1; *Hensley v. Rich,* 191 Ind. 294, 132 N. E. 632, 18 A. L. R. 1118; *Black Eagle Mining Co. v. Conroy,* 94 Okl. 199, 221 Pac. 425; *Southern Pac. Co. v. De Valle Da Costa,* 190 Fed. 689; Note, L. R. A. 1915D, 858, *et seq.*

In *Lund v. Seattle,* 163 Wash. 254, 1 P. (2d) 301, we held that a right of action for wrongful death is an asset sufficient in itself to warrant the appointment of an administrator, although that may be the only property of the decedent within the jurisdiction. Although there are some cases to the contrary, the weight of authority is to the effect that, for the purpose of affording administration, the situs of personal property, including causes of action such as the one before us, is the domicile or residence of the debtor. We think that the majority rule rests upon sound reason and we are content to follow the rule as so declared.

The appellant cites and relies upon the case of *In re Lyons' Estate,* 175 Wash. 115, 26 P. (2d) 615, as declaring a different rule. That case involved the question whether the state of Washington could escheat the proceeds of a savings-bank deposit within this state but owned by a nonresident. In the course of the opinion, it was said that the situs of the property was at the domicile of the owner, and therefore not within this state at the time of the owner's death in Alaska. It is upon this language that appellant places reliance. With reference to the administration of estates, that case merely held that the law of the domicile controlled the *distribution* of the estate, specifically recognizing,

by extended quotation, the universal rule in that respect. The case did not touch the question of the jurisdiction of the court to appoint an administrator to *administer* such assets. In fact, that question does not seem to have been raised in that case at all, even though an administrator was actually appointed.

But there is another, and a somewhat different, though equally sound, reason upon which our decision in this case may be rested. Rem. Rev. Stat., § 193, provides:

"No action shall abate by the death, marriage or other disability of the party, or by the transfer of any interest therein, if the cause of action survive or continue; but the court may at any time within one year thereafter, on motion, allow the action to be continued by or against his representatives or successors in interest."

Foreign administrators and executors have no standing, as such, beyond the jurisdiction of the state in which they are appointed. *Barlow v. Coogan,* 1 W. T. 257; *In re Goss' Estate,* 73 Wash. 330, 132 Pac. 409; *McCulley v. Cooper,* 114 Cal. 258, 46 Pac. 82, 35 L. R. A. 492, 55 Am. St. 66; *Grayson v. Robertson,* 122 Ala. 330, 25 So. 229, 82 Am. St. 80; 4 Schouler, Wills, Executors and Administrators (6th Ed.), pp. 2799 *et seq.,* §§ 3495 *et seq.;* 11 R. C. L. 447.

Whether, under this statute, the court may grant such authority to foreign administrators and executors, it is not necessary to decide here. The statute, we think, has particular reference to, and certainly includes, local representatives. But the right to continue the action through a local representative, such as an administrator, carries with it the necessarily implied right to have such representative appointed by the court, for otherwise the primary right would be an empty one.

For either one, or both, of the reasons that have been advanced, the order of the lower court is affirmed.

BEALS, C. J., MAIN, MITCHELL, and TOLMAN, JJ., concur.