[No. 8288. Department Two. February 25, 1910.]

ANNA PILCHER et al., Appellants, v. GEORGE H. LOTZGESELL et al., Respondents, HENRIETTA CYDELL et al., Defendants.[1]

LIMITATION OF ACTIONS—RECOVERY OF REAL ESTATE—PARTITION—ACCOUNTING. An action for the partition of real property and an accounting, brought by children not named in their mother's will (which devised the property to her husband) is barred by the statute of limitations when not commenced until more than ten years after the husband deeded the lands and surrendered possession to the defendants.

TRUSTS—LACHES—STALE CLAIM. An action for an accounting and to enforce a trust, whereby plaintiffs' father was to hold for their benefit lands descended from their mother, is a stale claim and barred by laches, where the same was not commenced until seventeen years after the youngest plaintiff became of age and the father had died after making a different testamentary disposition of the property.

[1] Reported in 107 Pac. 340.

TRUSTS—EXPRESS TRUSTS—PAROL PROOF. Under Rem. & Bal. Code, § 8745, requiring conveyances to be by deed, an express trust in lands cannot be proved by parol testimony; and to give any standing in court, the trust must be *ex maleficio*.

Appeal from a judgment of the superior court for Clallam county, Still, J., entered March 9, 1909, upon findings in favor of the defendants, dismissing an action for the partition of real and personal property and for an accounting, after a trial on the merits before the court. Affirmed.

*Morris, Southard & Shipley*, for appellants.

*A. W. Buddress*, for respondents.

DUNBAR, J.—The briefs in this case are exceedingly large and the record voluminous, but a perusal of the case convinces us that the material facts are few and simple. The complaint discloses that Gertrude Eliza and George Henry Lotzgesell were husband and wife, their heirs being the plaintiffs and defendants in this action, together with one son, John Lotzgesell, a bachelor, since deceased. The mother died March 6, 1889, having executed a will making the husband her sole heir, none of the children being mentioned in the will. The will was what is termed a nonintervention will, providing that the husband should take exclusive charge of the estate and be exempted from any order or action of the probate court except in so far as proving the will is concerned, and the will was probated by the husband in the probate court of Clallam county to that extent, the petition reciting that the real estate situated in Clallam county was community property of the petitioner and his deceased wife, Gertrude Eliza Lotzgesell. The property was taken into possession, or remained in possession, of the husband until March 26, 1897, when he conveyed different tracts of the real estate to different ones of the children, conveyance of certain lands being made to the appellants in this action, the children taking possession of these different tracts of land and assuming ownership over them.

At the time the will was executed by the mother, appellant
Anna Pilcher was twenty-seven years old and appellant Lillie
Alexander, then unmarried, was sixteen years old. The father
died February 16, 1907, and just before his death he exe-
cuted a will leaving a small amount to each one of his heirs,
but leaving the bulk of the property to the defendants, who
are executors of said will. The will provided that Mrs. Hen-
rietta Cydell should have the use of the farm during the life-
time of George Lotzgesell, who evidently, from the record,
was an incompetent of some character and who was to be to
a certain extent maintained during his life by Mrs. Cydell,
and upon the death of said George the property was to revert
to the two defendants Frank Lotzgesell and George H. Lotz-
gesell. In a few months George Henry Lotzgesell died, and
after his death this action was commenced by the appellants,
Anna Pilcher and Lillie Alexander, claiming that the will of
the mother was ineffectual as to them, they not having been
mentioned in the same, and further that it was the under-
standing at the time the will was made that the property
should be held in trust by the father for the benefit of the
children. A prayer was made that a partition and division
be made of all the real estate and personal property owned
by Gertrude Eliza Lotzgesell in her lifetime and left by her
at her death, among the several parties seized of or entitled
thereto according to their respective estate and interest there-
in; but in case said real estate and premises could not be
equitably divided among the respective owners thereof, that
the said real estate and premises be adjudged and ordered to
be sold and the proceeds appropriated according to the rights
of the parties; that an accounting be had between the parties
for the rents, profits, and uses of the property as their in-
terest might appear, and for further relief within the con-
science of the court. The answer, admitting many things
set forth in the complaint, denied that there was any trustee-
ship in the father, or that he had made any promises in that
direction to the mother upon her deathbed, as had been al-

leged in the complaint, and pleaded the statute of limitations. A reply was interposed, and the case went to trial before the court, with the result that the cause was dismissed, findings being made in favor of the defendants.

As to the land which was deeded to these defendants by their father on March 26, 1897, the record shows that the parties went into the possession of the land and have maintained possession ever since, paying the taxes and farming the land and appropriating the proceeds; and whatever view may be taken of other propositions argued in the case, it is too plain for argument that the statute of limitations has run against the plaintiffs so far as this deeded land is concerned, the deeds having been made March 26, 1897, and this action not having been commenced until June 11, 1908.

As to that portion of the estate which is not included in the property disposed of by deeds aforesaid, we think the court was abundantly justified in concluding that the plaintiffs had been guilty of laches in bringing this action, and that the claim was a stale one. As we have seen, nineteen years expired after the alleged execution of the trust before this action was commenced, the appellant Pilcher at that time being twenty-seven years old and the appellant Alexander being sixteen years old; so that seventeen years have expired since Lillie Alexander became of age and had a legal right to enforce her just claims.

Oral testimony was introduced to show that influence was brought to bear upon the mother during her last sickness to influence her to deed her property exclusively to the father, and that he had promised that, if she would do so, he would hold it in trust for all the children. An express trust cannot be proven, under the provisions of Rem. & Bal. Code, § 8745, by parol testimony, so that, if the parties have any standing here at all, it would be by reason of the fact that the trust was *ex maleficio*. But the court in this case has found that said George Henry Lotzgesell never at any time made any promise or agreement whatever, either verbally or in writing,

to or with the said Gertrude Eliza Lotzgesell, his wife, nor to or with any of the plaintiffs or defendants, concerning or in any wise affecting any of the premises mentioned in any of these findings, nor any of the real or personal property owned by him or in which he had any interest, other than the deeds and last will and testament set forth in the findings. There was testimony introduced tending to establish this fact, but the court evidently did not believe it. Nor are we impressed with its truthfulness, as a court must be, to set aside a plain conveyance and declare it to be held in trust for some one else. The will in this case, though inoperative as to the heirs not mentioned, was a regular instrument of conveyance on its face, and before it could be judicially determined that it was not what it purported to be, the strongest kind of proof must be adduced. In *Denny v. Holden*, 55 Wash. 22, 103 Pac. 1109, this court said:

"The appellant seeks to establish a resulting trust by parol evidence, to show that the respondents, the owners of the legal title to the property in controversy, hold title to the extent of an undivided one-half interest in trust for him. In such case the evidence must be clear, cogent, and convincing before a trust will be declared";

citing 3 Pomeroy's Equity Jur. (3d ed.), 1040, and cases.

In determining the quality of the evidence, the fact must not be lost sight of that the lips of the father in this case are closed in death, and courts will as a rule be slow to lend a willing ear to statements of what dead men said, especially when the statements attributed to them impeach their veracity and they are left helpless to defend their good names and to protect the interests which they have seen fit, as in this instance, to bequeath. Seventeen years is a long time for persons to postpone action in a case where their rights are in jeopardy.

The appellants cite the case of *Barnes v. Barker*, 5 Wash. 390, 31 Pac. 976, in support of the contention that the appellants have a right to bring this form of action. But that

case rather establishes the fact that the appellants in this action were guilty of laches than otherwise, the court there saying:

"Such being the fact what was her remedy? In our opinion it was simply to move the court to proceed with the administration of the estate of her mother, and as a part of such administration to decree and set over to her the proportion to which she would have been entitled if her mother had died intestate."

Whether an heir would be compelled to do this, the case implied that prompt action was demanded. But in this case seventeen years have expired, during which time recollection of events and conversations must necessarily be dimmed. The father in the meantime has died, and it is not until after he has made a will and passed away—a will which evidently is not satisfactory to some of the heirs—that this claim of trusteeship *ex maleficio* is made. This case, it seems to us, falls squarely in principle within the rule announced by this court in *Spaulding v. Collins*, 51 Wash. 488, 99 Pac. 306. There, it is true, that twenty years had expired after the deed was made before an assault was made upon it, but in the meantime Mrs. Spaulding had remained upon the land which had been deeded to Collins, and had raised objections at different times to the sale of the same, claiming that the deed was intended as a mortgage. But she had never paid any rent for the use of the property and was simply tolerated upon it; and we held that, notwithstanding this tolerated possession by Mrs. Spaulding, she had stood by too long at that time to set up the claim that the deed was intended as a mortgage.

From all the testimony in this case, we are satisfied that an injustice would be done to allow the provisions of this will and of these deeds to be in any manner disturbed. The judgment is therefore affirmed.

RUDKIN, C. J., PARKER, MOUNT, and CROW, JJ., concur.