[No. 8565. Department One. March 3, 1910.]

HARRY KINNEY, *Appellant*, v. JAMES McCALL *et al.*, *Respondents.*[1]

TRUSTS—EXPRESS TRUST—PAROL EVIDENCE. A deed absolute in form, but in trust for the grantors, is an express trust which cannot be proved by parol evidence.

TRUSTS—ESTABLISHMENT—EVIDENCE—SUFFICIENCY. The evidence to establish a trust must be clear and satisfactory, and is insufficient where the only witnesses were one of the original grantors and the grantee, both aged and infirm and deficient in memory, and parts of their testimony tended to establish a trust in favor of the grantor and his wife while other parts tended to establish a trust in favor of the wife and children, made more than nineteen years ago, which trust they as participants had breached at that time.

VENDOR AND PURCHASER—BONA FIDE PURCHASER—RECORDS—NOTICE —SECRET TRUST. The fact that recorded deeds in the chain of title to secret trustees recited only a nominal consideration, is not notice of the secret trust, and does not affect the rights of a *bona fide* purchaser for full value, where the deeds had been recorded and unquestioned for several years.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered October 4, 1909, upon findings in favor of the defendant, dismissing on the merits an action to declare a trust and for an accounting. Affirmed.

*William T. Stoll, O. C. Moore*, and *Chas. P. Lund*, for appellant.

*Danson & Williams*, for respondents.

[1]Reported in 107 Pac. 385.

35—57 WASH.

RUDKIN, C. J.—On the 12th day of August, 1890, William A. Kinney and Emma Kinney, his wife, conveyed lot 6, of block 9, of Havermale's addition to the city of Spokane Falls, lots 1 and 2, of block 14, of Fairview addition to the city of Spokane Falls, and an undivided one-half interest in the west half of lot 3, of block 9, of the Resurvey and Addition to the city of Spokane Falls, to Lide Gonder, by warranty deed. The deed recited a consideration of five dollars, and that the lot in Havermale's addition was subject to a mortgage of $2,000, and the half lot in the Resurvey and Addition to a mortgage of $3,500. On the 23d day of December, 1890, William A. Kinney died, intestate, leaving as his only heirs at law a son, Harry Kinney, the plaintiff in this action, now of the age of twenty-four years, and a daughter, Grace Kinney, now Grace Williams, of the age of twenty-eight years. On the 18th day of January, 1891, Gonder mortgaged the lot in Havermale's addition to the Pennsylvania Mortgage and Investment Company to secure a loan of $3,000; and on the 29th day of January, 1891, reconveyed to Emma Kinney by warranty deed all the property described in the first mentioned deed. This deed also recited a consideration of five dollars, and that the lot in Havermale's addition was subject to a mortgage of $3,000, and the half lot in the Resurvey and Addition to the same mortgage of $3,500. On the 24th day of January, 1894, Emma Kinney again mortgaged the lot in Havermale's addition to the Pennsylvania Mortgage and Investment Company, to secure a loan of $3,275. This latter mortgage was thereafter assigned by the mortgagee to one Wilson as trustee for certain persons whose names are not material to our present inquiry. On January 13, 1896, Mrs. Kinney conveyed the lot in Havermale's addition to Wilson as trustee, by warranty deed, the deed reciting a consideration of $25, and that the lot was subject to a mortgage of $3,275, with accrued interest, and certain taxes. On May 7, 1903, Wilson and wife conveyed by warranty deed to the defendant James E. McCall, the deed reciting a consideration

of $4,750. McCall and wife mortgaged the lot to one Sivyer to secure a loan of $6,000, and made improvements on the property to the value of $2,700. Thereafter McCall and wife agreed to convey the property to the defendant Spokane Sash & Door Company, a corporation.

The complaint alleged that the original conveyance to Gonder was made in trust for the use and benefit of the grantors, William A. Kinney and wife; that, upon the death of William A. Kinney, the plaintiff and his sister became the owners of an undivided one-half interest in the property; that the sister conveyed her interest to the plaintiff; and prayed judgment for a recovery of the property, and for an accounting of the rents and profits. The court below found, among other things, that the defendants were purchasers in good faith, without notice, and dismissed the action. From the judgment of dismissal, this appeal is prosecuted.

There are three all-sufficient reasons why this judgment should be affirmed. First, because the evidence offered by the appellant to establish a trust in his favor was incompetent for that purpose; second, because the evidence, if competent, was insufficient; and third, because the respondents are bona fide purchasers.

(1) The conveyance to Lide Gonder was absolute in form, and if there was a trust in favor of the grantors, or in favor of Mrs. Kinney, or in favor of Mrs. Kinney and the children, it was an express trust and could not be proved by parol. *Spaulding v. Collins*, 51 Wash. 488, 99 Pac. 306. The wisdom of the rule excluding parol testimony in such cases was never better illustrated than in the case at bar.

(2) A trust must be established by clear and satisfactory proof, and the evidence in this case falls far short of that requirement. The complaint alleged that the original conveyance was made for the use and benefit of the grantors in the deed, but there was no testimony tending to sustain the allegation. The two witnesses offered to sustain the complaint were Mrs. Kinney, the surviving grantor, and Lide Gonder

the grantee. Parts of their testimony tended to show that a trust was created in favor of Mrs. Kinney, while other parts tended to establish a trust in favor of Mrs. Kinney and the children. The testimony is uncertain and unsatisfactory in the extreme. The witnesses are advanced in years, and are infirm in both body and mind. They repeatedly admitted that their memories were failing, and that they could not recollect. Mrs. Kinney could not remember when she was married or when she came to Spokane, and yet the appellant, by such testimony, seeks to establish a trust in real property, arising out of a conveyance made more than nineteen years before the trial. If there was such a trust, the participants were guilty of a breach of that trust when the property was conveyed absolutely to Mrs. Kinney in the year 1891. They have not only defrauded the children, but have perpetrated a like fraud on subsequent purchasers of the property. If such were the case, their testimony should be viewed with suspicion and scrutinized with care. But we do not think for a moment that such was the case. We think it far more likely that these two women carried out and respected the wishes of the deceased, in the conveyance made soon after his death, than that the present claims of the appellant have the slightest foundation in fact. The court below found that the trust was in favor of Mrs. Kinney alone, but its conclusion was manifestly based on the probabilities of the case and the circumstances surrounding the parties at the time, rather than upon any testimony found in this record.

(3) A person who purchases property for a nominal or grossly inadequate consideration is not a bona fide purchaser, and one who purchases from such a purchaser with notice stands in his shoes; but a purchaser of real property is not bound to compare the consideration recited in every deed in his chain of title with the market value of the property at the time of the several conveyances, under penalty of having the property impressed with a secret trust in his hands. If such a rule were sanctioned by the courts, no per-

son could safely purchase, hold or deal in lands. In *Babcock v. Collins*, 60 Minn. 73, 61 N. W. 1020, 51 Am. St. 503, it was contended that an executor's deed, reciting a nominal consideration of $1 was void, and that a subsequent purchaser of the property was put upon inquiry by its registration, but in answer to this contention the court said:

"The deed purports to have been executed in consideration of one dollar, and it is urged by appellants that for this reason it is void on its face, being made by trustees in their representative capacity. Whatever might be said as to such a deed, if it appeared that the property attempted to be conveyed by it was at the time valuable, and parties interested had promptly repudiated it, this is not such a case. This deed was made for a one-tenth interest in eighty acres and two government lots. It might have been a partition deed, which the parties interested had procured or ratified. This deed was recorded in 1877, and remained of record unquestioned thereafter until this action was brought. Conceding, without deciding, that the nominal consideration expressed in it was a sufficient circumstance, for some reasonable time after it was made and recorded, to put a purchaser on inquiry, that time has long since passed. After it had remained of record for some years unquestioned, a person about to purchase under it had a right to conclude that there was no vice in the deed; that a sufficient consideration had, in fact, been paid, or it would have been attacked within a reasonable time; and he was justified in relying upon it. It is not claimed that these defendants had any knowledge that there was any fraud in the transaction, unless the face of the deed was sufficient to put them on their guard, and we are of the opinion that after such reasonable time it was not."

The judgment of the court below is affirmed.

Chadwick, Fullerton, Gose, and Morris, JJ., concur.