[No. 9736. Department One. July 23, 1912.]

ALBERT E. PARKER et al., Respondents, v. ANSON S. BURWELL et al., Appellants.[1]

TRUSTS—CONSTRUCTIVE TRUST—SALE OF LAND—EVIDENCE—SUFFICIENCY. A constructive trust in lands in favor of the plaintiff is established where it appears that plaintiff purchased state lands at public sale and fully performed the contract, but defendants procured the state deed by representing to the commissioner of public lands that a default judgment awarding defendants the right to the property and operating as an assignment of the state contract had become final, when in fact a petition for the vacation of the judgment was pending, and it was finally vacated and the action dismissed, and there was no consideration for a direction by the plaintiff to allow defendants to purchase the land which constituted the basis for the action.

VENDOR AND PURCHASER—BONA FIDE PURCHASERS—NOTICE—LIS PENDENS. The recording of an original contract for the sale of state lands, and the filing of a lis pendens in an action against the purchaser for the recovery of the land, by one claiming the right to purchase from the state, imparts notice of the rights of the original purchaser as against grantees of the plaintiff in the suit.

Appeal from a judgment of the superior court for King county, Joiner, J., entered January 14, 1911, upon findings in favor of the plaintiffs, in an action to declare a trust. Affirmed.

Ira Bronson, for appellants.

Robert H. Evans, for respondents.

Gose, J.—This is a bill in equity, seeking to have it decreed that the defendants are holding certain real estate as trustees for the plaintiffs. There was a judgment for the plaintiffs. The defendants have appealed.

The land in controversy is second-class tide land, situated in Kitsap county. The case was commenced in the superior court of Kitsap county, and was by stipulation removed to

[1]Reported in 125 Pac. 151.

King county, where it was tried. The property was sold to the respondent Albert E. Parker, hereafter called the purchaser, for its appraised value, on January 18, 1904, at a public sale regularly conducted by the county auditor of Kitsap county. The sale was made on the application of the appellant Anson S. Burwell. It was advertised to take place at two o'clock p. m.; but in compliance with a request by telephone from a representative of the appellants, it was postponed until three o'clock, when the sale took place as stated. At the time of the sale, the purchaser paid one-tenth of the purchase price and received the auditor's receipt therefor. A representative of the appellants intended to attend the sale and bid on the property in their behalf, but did not reach the place of sale until after the property had been sold. He then had a conversation with the purchaser, and received from him the following note:

"Jan. 18, 1904.
"Mr. Jameson,—You can allow the contract to the tide land purchased by me last to go to Mr. Anson B. Burwell. Albert C. Parker."

He presented this note to the county auditor and gave him a check for $75. The auditor, relying upon the note and statements made to him by the appellants' representative, reported the sale to the state land commissioner as having been made to the appellant Burwell, and returned the purchaser's check. The purchaser promptly returned the check, and demanded that the contract of sale should be issued to him. Thereafter the auditor had his report of sale returned, and reported Parker as the purchaser. The contract was thereafter, on February 9, 1904, regularly executed between the state and the purchaser. It was regularly filed for record, and recorded on February 15 following.

The appellant Anson S. Burwell then commenced an action in the superior court of Kitsap county against the purchaser and the state land commissioner, alleging fraud upon the part of the purchaser, and a default judgment was entered

in his behalf on September 24, 1904, setting aside the sale and directing that a contract be issued to him. On December 13, the purchaser filed a motion to vacate the judgment. No action was taken on the motion until late in 1909, when it was argued and submitted. On January 19, 1910, the motion was sustained and the judgment vacated. The plaintiff in that suit thereupon caused it to be dismissed. On July 25, 1904, the appellant Burwell, in connection with his suit, regularly filed a *lis pendens* in Kitsap county.

The purchaser made the payments as provided in the contract up to September 19, 1907, when he tendered the balance due and demanded a deed. He also paid the taxes for the years 1904, 1905, and 1906, and tendered the taxes for 1907. The tender was refused because the appellant Burwell had theretofore paid the taxes for that year. The tender of the purchaser and his demand for a deed were refused in consequence of the judgment to which we have adverted, which had been called to the attention of the land commissioner. On October 14, 1908, while the Parker contract was in full force, a deed was executed to the appellant Burwell, upon the representations of the appellants or their representatives that the judgment had become final, and that it operated as an involuntary assignment of the contract. The respondents, before the commencement of this action, tendered to the appellant Burwell the amount paid by him in procuring the deed; and upon his refusal to accept the tender, deposited the money in the registry of the court. The Burwells, after receiving the deed, conveyed a part of the property to their coappellants by deeds of quitclaim.

The appellants contend that the note which we have set forth operated as an executed gift from the purchaser to the appellant Burwell. The vice of this contention is that it has no support in the evidence. Parker testified that he gave the note so that the contract of sale might be issued to the appellant Burwell, in order that he might acquire the property in front of his uplands and convey the remainder to

Parker; and a reading of the record convinces us that that was his sole purpose in giving the note. A few days later, he demanded that the contract be executed in his favor, and on February 9, 1904, he conveyed the property in front of the appellant Burwell's uplands to the latter by a deed of quitclaim, and refused to convey to him the property in controversy. The deed was accepted by Burwell, and the property embraced in that deed is not in litigation. It is not contended that any fiduciary relation existed between the purchaser and Burwell. Indeed, the latter testified that Parker did not represent him at the sale. It is apparent from the record that Parker never intended that the appellants should have the land in controversy. He bought it for himself at a public sale regularly conducted by the state, and received a regularly executed contract. This contract, as we have seen, was performed by him in every respect.

The appellants rely upon the Parker note and the default judgment. There was no consideration for the note, and the judgment has been vacated and that suit dismissed. We think the whole controversy arose out of a misunderstanding between Parker and the appellants' representative, in a conversation which took place between them shortly after the sale and at the time Parker wrote the note. This is made clear by affidavits made by the county auditor and a party who attended the sale shortly after this controversy arose. It is clear from the testimony of the land commissioner that the deed was executed to Burwell under a mistake of fact. The commissioner was led to believe that the judgment vacating the sale had become final. This is made clear, both by his testimony and the notations in the records of his office.

The appellants other than the Burwells are not innocent purchasers. They hold through quitclaim deeds. Moreover, as we have seen, the original contract was regularly filed for record and a *lis pendens* was filed in the suit of Burwell v. Parker and others. These instruments imparted notice of Parker's rights to intending purchasers. The paramount

equities are clearly with the respondents, and the judgment is affirmed.

FULLERTON, PARKER, and MOUNT, JJ., concur.