[No. 11420.   Department Two.   April 8, 1914.]

D. NICHOLS, *Administrator etc., et al., Respondents,* v.
FRANK CAPEN *et al., Appellants.*[1]

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS TO FINDINGS—REVIEW.   Failure to except to findings of fact does not entitle respondent to a dismissal of the appeal, since there remains for review the question whether the findings support the decree.

TRUSTS—EXPRESS TRUST IN LAND—PAROL PROOF — ADMISSIBILITY. Where a conveyance was made to a son, who was acting as administrator, for the purpose of disposing of the lands to pay the debts of the estate, under his agreement to reconvey all that remained after payment of the debts and final settlement, there was an express trust, and not a trust *ex maleficio,* and therefore it could not be established by parol evidence.

Appeal from a judgment of the superior court for Clarke county, McMaster, J., entered January 9, 1913, upon findings in favor of the plaintiffs, in an action for equitable relief.   Reversed.

[1]Reported in 139 Pac. 868.

*Emmons & Webster* and *Miller, Crass & Wilkinson,* for appellants.

*John H. Perry, Robert J. Upton,* and *Henry St. Rayner,* for respondents.

MORRIS, J.—Appeal from a decree in favor of plaintiffs, in a suit in equity to establish a trust *ex maleficio.* Respondents move to affirm the decree, upon the ground that no exceptions have been taken to the findings. It does not necessarily follow that the failure to take proper exceptions to the findings will entitle respondents to a dismissal of the appeal or an affirmance of the decree. Failure to except to the findings prevents us from inquiring into the sufficiency of the evidence to sustain them. But the appellants may, as they have done here, still challenge the sufficiency of .the findings to support the decree. *Woodhurst v. Cramer,* 29 Wash. 40, 69 Pac. 501; *Robins v. Paulson,* 30 Wash. 459, 70 Pac. 1113; *Adams v. Washington Brick, Lime & Mfg. Co.,* 38 Wash. 243, 80 Pac. 446; *Hector v. Hector,* 51 Wash. 434, 99 Pac. 13.

We must, therefore, accept the findings, and review them for the purpose of ascertaining whether or not a correct judgment has been entered upon them. The first eight findings need not be reviewed, as they are not material to the decisive point in the case. The ninth finding recites that, on the 17th of November, 1894, Ellery Capen was the owner of the lands in dispute. The tenth finding recites that, on November 17, 1894, the defendant Frank Capen represented to his father Ellery Capen that there were insufficient assets in certain estates (referred to in previous findings, of which Frank Capen was then acting administrator) to pay the debts and expenses thereof, and that it would be necessary to sell and dispose of the real estate in question, or a portion thereof, to pay the same; and that, if Ellery Capen and his wife would execute a deed of these lands to him, that he (Frank) would hold the property and manage it for the best

interest of all concerned, would sell a sufficient amount thereof to pay the debts and expenses of the estate, and when said debts and expenses were fully paid and said estates were fully administered and closed, that he would reconvey and deliver to his father and mother all that was left of said real property or the money derived therefrom. Finding eleven is in the nature of a conclusion of law, and recites that these representations and statements so made by Frank Capen were falsely made, with the intention to deceive, and did deceive, his father and mother; and that the real intention was to obtain the title to the property and retain the same. Finding twelve is a mixed finding of fact and conclusion of law, and recites that, having confidence in his son and believing and relying on these representations, Ellery Capen executed, and caused·his wife to execute with him, a deed to the land in suit, "to be held in trust for the purposes aforesaid, and not otherwise." The remaining findings go to other matters that are not material to the matter before us.

Accepting these facts as disclosing the intent of the conveyance, they show an express trust and not a trust *ex maleficio*. A trust *ex maleficio* is one where, by reason of some fraud on the part of the party obtaining the title to the land, the law implies a trust relation. In such cases, the trust arises out of, or results from operation of law, and is not within the contemplation of the parties at the time the conveyance is made. When, however, as in the case before us, the conveyance is made for an express purpose, to dispose of the lands or as much thereof as may be necessary and out of the proceeds to pay certain debts, the remainder of the lands or the balance of the money obtained from their sale to be reconveyed or returned to the grantor, the trust arises from the act of the parties and not by operation of law; and since the agreement is an express one, the trust becomes an express trust and cannot be established by parol. Rem. & Bal. Code, § 8745 (P. C. 143 § 1); *Spaulding v. Collins*, 51 Wash. 488, 99 Pac. 306; *Kinney v. McCall*, 57

Wash. 545, 107 Pac. 385; *Pilcher v. Lotzgesell*, 57 Wash. 471, 107 Pac. 340; *Kalinowski v. McNeny*, 68 Wash. 681, 123 Pac. 1074; *Arnold v. Hall*, 72 Wash. 50, 129 Pac. 914, 44 L. R. A. (N. S.) 349.

It follows that the findings, resting in parol, do not sustain the decree; and the judgment is reversed and the cause remanded with instructions to dismiss.

CROW, C. J., PARKER, MOUNT, and FULLERTON, JJ., concur.