[No. 14775. Department Two. June 20, 1918.]

J. M. FARRELL, *Respondent*, v. C. A. MENTZER *et al.*, *Appellants*.[1]

TRUSTS—IN LAND—PAROL EVIDENCE—FRAUDS, STATUTE OF. The statute of frauds is an absolute provision that parol evidence is inadmissible to establish an express trust in real estate.

SAME—IN LAND—"EXPRESS TRUST." An express trust is created by the breach of an agreement whereby defendants agreed to purchase the assets of a bankrupt corporation at the trustee's sale for the joint benefit of the defendants and the plaintiff, who was a stockholder and had made a deposit to guarantee his bidding at the sale, the defendants having purchased at the sale and refused to perform their agreement to convey one-half to the plaintiff, whose deposit was returned to him; it appearing that the plaintiff's interest in the company was so slight as not to avail him anything.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered July 31, 1917, in

[1] Reported in 174 Pac. 482.

favor of the plaintiff, in an action for equitable relief, tried to the court. Reversed.

*T. F. Mentzer* and *Troy & Sturdevant,* for appellants.

*Fred W. Dricken, John L. McGar,* and *Hayden, Langhorne & Metzger,* for respondent.

MACKINTOSH, J.—Without determining that they have been proven by clear, cogent and convincing proof, we may assume that the facts in this case are as alleged in the respondent's complaint and contended for in his brief. The assets of a lumber company, of which the respondent was one of the stockholders, were in the hands of a trustee in bankruptcy, and the respondent, being desirous of purchasing these assets at the trustee's sale, had made a deposit to guarantee his bidding at that sale, and, a few days before the sale was to take place, interested the appellants, who were the owners of a considerable tract of timber land tributary to the mill, which had been previously operated by the bankrupt lumber company. These negotiations with the appellants resulted in an agreement that they would become jointly interested with the respondent in the purchase of the assets of the bankrupt company. All the parties agreed that the purchase was to be made by one Wright, who should bid in the property and take conveyance to himself, and then should transfer the property, half to respondent and half to appellants. In pursuance of this agreement, Wright bid in the property, and subsequently the trustee in bankruptcy deeded the property direct to the appellants for the purpose of saving the expense of a transfer to Wright and a retransfer from Wright to the appellants. After securing title, the appellants refused to transfer a one-half interest to the respondent. The amount which the respondent had deposited

to secure a public sale was returned to him.  All of these transactions rested upon parol testimony, and it is the contention of the appellants that the trial court was in error in allowing parol testimony to be introduced, for the reason that the facts relied upon by the respondent established an express trust and, therefore, came within the operation of the statute of frauds. Respondent's position is that these facts do not make a case of express trust, but one of resulting or constructive trust which may be proved by parol.

There is much foundation for the contention of each of the parties to be found in the decisions of this court. The cases abound in the use of inexact terminology in order to avoid the rigor of the statute of frauds; and to accomplish a deserved result, the court has at times attempted to avoid the statute of frauds by holding that the facts of a particular case created some sort of a trust other than an express trust.  The statute of frauds was intended to, and does in the overwhelming majority of cases, prevent fraud, but it is also true that, in its operation in some cases, it works an apparent injustice.  This, however, does not furnish sufficient reason for courts in those few cases to attempt to take the facts out of the statute of frauds by attempting to distinguish them from cases which admittedly fall within the statute, when no such distinction can logically be made.  As Judge Chadwick, speaking for the court, said in *Forland v. Boyum*, 53 Wash. 421, 102 Pac. 34, "the contract falls within the statute of frauds.  Such contracts are held void by force of the statute, and the *rights of the parties can never be determined by resort to equitable principles.*"  By no honest process of reasoning can the different decisions be harmonized or reconciled, and by no sophisticated reasoning should it be attempted to be done.  We have drifted a considerable distance into the waters of con-

fusion and it is time to return to the moorings, which are these: that the statute of frauds is not an equitable doctrine, but is an absolute statute which provides, so far as the question under consideration here is concerned, that parol evidence is inadmissible to establish an express trust in real estate. It may be that a strict application of the statute in some cases will operate to defeat a just claim, but that is not a sufficient reason for attempting to remove those cases from the operation of the statute by misnaming the character of the trust involved.

It may be well to restate the fundamental characteristics of these varieties of trusts:

(1) Those trusts which are created by contract of the parties and intentionally. They are express trusts.

(2) Those created by operation of law, where the acts of the parties have no intentional reference to the existence of any trust. These trusts are (a) implied or resulting, (b) and constructive. Sections 987 and 1030, vol. 3, Pomeroy, Equity Jurisprudence.

Resulting trusts are defined by Pomeroy as follows:

"All true resulting trusts may be reduced to two general types: (1) Where there is a gift to A, but the intention appears, from the terms of the instrument, that the legal and beneficial estates are to be separated, and that he is either to enjoy no beneficial interest or only a part of it. In order that a case of this kind may arise, there must be a true *gift* so far as the immediate transferee, A, is concerned; the instrument must not even state any consideration, and no valid complete trust must be declared in favor of A or of any other person. Such trusts, therefore, generally arise from wills, although they may arise from deeds. If the conveyance be by a deed, the trust will result to the grantor; if it be by a will, the trust will result to the testator's residuary devisees or legatees, or to his heirs or personal representatives, according to the nature of the property and of the dispositions.

"(2) Where the second type includes the cases where a purchase has been made, and the legal estate is conveyed or transferred to A, but the purchase price is paid by B." 3 Pomeroy, Equity Jurisprudence (3d ed.), § 1031.

The same author defines constructive trusts as follows:

"Constructive trusts include all those instances in which a trust is raised by the doctrines of equity for the purpose of working out justice in the most efficient manner, where there is no intention of the parties to create such a relation, and in most cases contrary to the intention of the one holding the legal title, and where there is no express or implied, written or verbal, declaration of the trust. . . . The trusts of this class are imposed by equity, contrary to the trustee's intention and will, upon property in his hands." Id., § 1044.

Resulting and constructive trusts have been defined and classified in 39 Cyc., p. 26 *et seq.*, in this language:

"Implied trusts . . . are subdivided into the two classes, resulting and constructive. A resulting trust is a trust raised by implication or construction of law, and presumed to exist from the supposed intention of the parties and the nature of the transaction. Such trusts are also called 'presumptive' trusts and are frequently defined in terms of or in connection with the character of the transaction out of which they most frequently arise, namely, where one person pays the consideration for a purchase and the title is taken in the name of another, although they may result from other kinds of transactions. Constructive trusts are those which arise purely by construction of equity, and are entirely independent of any actual or presumed intention of the parties. They are also known as trusts *ex maleficio* or *ex delicto*. Resulting and constructive trusts while frequently confused, are clearly distinguishable. In the case of a resulting trust there is always the element, although it is an implied one, of an intention to create a trust, by reason of which, al-

though it is by no means an express trust, it approaches more nearly thereto. Constructive trusts on the other hand have none of the elements of an express trust, but arise entirely by operation of law without reference to any actual or supposed intention of creating a trust, and often directly contrary to such intention. They are entirely *in invitum,* and are forced upon the conscience of the trustee for the purpose of working out right and justice or frustrating fraud. Constructive trusts embrace a much larger class of cases than resulting trusts, their forms and varieties being said to be practically without limit.''

A great deal of the confusion in the classification of trusts has arisen from the fact that some of the courts have mistakenly held that the breach of a contract constituted fraud, and have thereby attempted to convert the breach of an express contract which would have raised an express trust into a constructive trust created by fraud. The logical result of such confusion would be to hold that the breach of every express contract would be the establishment of a constructive trust, and thus entirely obliterate express trusts. This point is well covered by Pomeroy as follows:

''The foregoing cases should be carefully distinguished from those in which there is a *mere* verbal promise to purchase and convey land. In order that the doctrine of trusts *ex maleficio* with respect to land may be enforced under any circumstances, there must be something more than a mere verbal promise, however unequivocal, otherwise the statute of frauds would be virtually abrogated; *there must be an element of positive fraud accompanying the promise,* and by means of which the acquisition of the legal title is wrongfully consummated. Equity does not pretend to enforce verbal promises in the face of the statute; it endeavors to prevent and punish fraud, by taking from the wrong-doer the fruits of his deceit, and it accomplishes this object by its beneficial and far-reaching doctrine of constructive trusts.'' 3 Pomeroy, Equity Jurisprudence (3d ed.), § 1056.

"We cannot see why, if this evidence is to be received to establish this trust, every other deed in the state may not be shown by parol to have been given upon trust, and the statute of frauds be entirely annulled. . . .

"No actual fraud is alleged, found, or shown by the evidence. For all that appears to the contrary, Michael Feeney's deed may have been given and received in entire good faith. The mere failure to perform a parol agreement which was made in good faith is not fraud." *Feeney v. Howard,* 79 Cal. 525, 21 Pac. 984, 12 Am. St. 162, 4 L. R. A. 826.

In the case at bar, all that is contended for by the respondent is that a contract was entered into in good faith between himself and the appellants whereby they were to take title to property and hold one-half thereof for him, and that, after having acquired that title, they breached the contract by refusing to allow him his one-half interest. The only act that can be relied upon by him as fraudulent is the simple breach of a contract. This is not fraud within the requirements of a constructive trust. It amounts only to the breach of an express agreement which gives rise to an express trust. Bearing in mind these fundamental distinctions between express, resulting and constructive trusts, we will pass to an examination of the decisions of this court.

The case of *Rozell v. Vansyckle,* 11 Wash. 79, 39 Pac. 270, was one where the legal title to land had been transferred upon the parol promise of the grantee, made in bad faith and with intent to deceive, that he would hold in trust for the grantor. It was properly held that the transaction did not come within the statute of frauds, as the trust was one arising from fraud, and therefore was a constructive trust subject to parol evidence.

In *Gottstein v. Wist*, 22 Wash. 581, 61 Pac. 715, it was held that an agreement by a mother, made upon consideration, to hold lands then in her name in trust for her children constituted an express trust, and that oral evidence was admissible, in an action begun by a creditor to set aside the conveyance by the mother to her children in fulfillment of the trust, to show that the property had been held by the mother under an express parol trust. The court distinguishes that case from one such as this at bar by the fact that the court was then considering an express trust which had already been entirely executed.

*Borrow v. Borrow*, 34 Wash. 684, 76 Pac. 305, one of the cases principally relied upon by the respondent, was an action wherein a daughter had advanced the purchase price to be paid for certain land which was purchased by her parents, she taking a deed in her name under an oral agreement which provided, when the parents should repay her the purchase price, she would convey the land to them. She subsequently refused to deed the property in accordance with her agreement, and this action was instituted to compel that conveyance. The court granted the relief prayed for, basing its decision upon the rule that, "when by verbal agreement the purchase money of real estate is paid by one person and the conveyance is made to another person, a resulting trust arises against the person to whom the land is conveyed in favor of the one by whom the purchase money was paid. The same rule arises when the money is merely advanced as a loan by the party taking the title." It further appeared in that case that the parents, relying upon the agreement, had purchased adjoining property and made expenditures thereon, and the court held that these were acts done in performance of the agreement and referable to that alone and thereby constituted

part performance, which created an equitable estoppel against the daughter to claim that the agreement was within the statute of frauds, the conclusion of the court being that the daughter was estopped to urge the statute of frauds, and that she occupied the position of being the trustee of a resulting trust and a mortgagee. That case was correctly decided, for the reason that there had been a part performance of an express trust by the *cestui que trust* which took the case from the operation of the statute of frauds. The statement in the opinion is correct that a resulting trust arises in the nature of a mortgage where the purchaser takes title as security for an actual loan made to the *cestui que trust,* who is bound by an absolute promise and obligation to repay. The court went far in this case in intimating that there was the relation of debtor and creditor existing between the trustee and her parents. The court was correct in stating that a resulting trust arises where the money is paid by one person and the title is taken by another, but the court was in error if the decision is taken as stating that such a trust arises when title is taken by the one paying the purchase price on an agreement to convey to another upon being reimbursed. In the case at bar, there was no part performance which would take the case out of the statute of frauds, nor did the respondent pay for the purchase of his share of the property to which the appellants took title, nor did the appellants take title as security for money loaned to the respondent.

Another case relied upon by the respondent is *Peterson v. Hicks,* 43 Wash. 412, 86 Pac. 634, being a case where the plaintiff entered into an oral agreement with the defendant, who was to advance the purchase price of property and take title and to give a bond for a deed in consideration of the amount advanced by him plus a bonus. The plaintiff took possession and made im-

provements and repairs. The court held that there had been such a part performance of the oral agreement as to take the case out of the operation of the statute of frauds. It is true that, in the course of the opinion, the court said that, even if there had been no part performance, ''still a constructive trust would arise in his favor which would be excepted from the operation of the statute.'' This language is obiter, and in addition misstates the law upon this subject, for the reason that the fraud that is necessary to create a constructive trust is not, as we have already stated, a mere refusal to comply with the terms of the contract. The decision can be sustained on the doctrine of part performance of an express trust, but is not authority on the question of constructive trusts.

The case of *Frost v. Perfield,* 44 Wash. 185, 87 Pac. 117, presents a case of constructive trust arising from the actual fraud of an agent in purchasing property for his own use and benefit, having been trusted by his principals to bid in the property as their agent. Here was a trust founded upon fraud and contrary to the intention of the parties.

*Holly Street Land Co. v. Beyer,* 48 Wash. 422, 93 Pac. 1065, recognizes that a trust in real property cannot be proven by parol, but held that the facts in that case showed that the holder of the property became possessed of it by paying the amount claimed by one asserting title adverse to the then occupant of the land, and that he took a quitclaim deed in his own name merely as a matter of convenience. It appears that the advancement made by the appellant was made as a gift or in satisfaction of some obligation which the appellant owed to the respondent which would constitute a resulting trust, for the transaction amounted to the payment by the *cestui que trust* and the taking of the title in the name of the trustee.

A case relied upon by the appellants is that of *Spaulding v. Collins*, 51 Wash. 488, 99 Pac. 306, which was a case where a husband and wife conveyed premises in which they lived to Collins under a verbal agreement that he would redeem the same from a mortgagee and hold them in trust for the use of the wife until the sum advanced had been repaid. The court held that this was an express and not a resulting trust and that oral evidence was inadmissible to establish it, and held that, in such a case, continued possession of the property by the *cestui que trust* for twenty years after the execution of the deed, by consent of Collins, was not such a part performance as to take the case out of the statute of frauds. This is a well considered case in which Judge Mount refers to the cases of *Holly Street Land Co. v. Beyer, Borrow v. Borrow* and *Peterson v. Hicks, supra,* and said ''the deed in this case cannot be considered as a mortgage by reason of the fact that there never was any duty owing by either of the appellants to the grantee, nor was there any obligation by the appellants or either of them to pay any advances made by the grantee . . . a trust, if any exists, is an express trust and cannot be proven by parol.''

*Cushing v. Heuston*, 53 Wash. 379, 102 Pac. 29, in addition to holding that a resulting or constructive trust upon the holder of real property will not be founded upon a conflict of parol testimony if there is any doubt in regard to it, holds, after quoting section 1056, vol. 3, Pomeroy's Equity Jurisprudence, that a constructive trust does not arise from a verbal promise by the purchaser of one of several lots to attend to the matter of acquiring title to abutting tide lands for the benefit of the purchasers of other lots in the same block, when the promisor had no funds or property in his hands belonging to the others and none was fur-

nished and he did not agree to advance any for the contemplated purchase, and he was not to receive any compensation for the voluntary service, and in acquiring a deed for himself, the grantors of the tide lands were not concerned as to what parties were to be benefited by the purchase, notwithstanding that it was represented that the purchaser was acting for the benefit of himself and neighbors.

It was held that an express trust could not be proven by parol in the case of *Pilcher v. Lotzgesell*, 57 Wash. 471, 107 Pac. 340. Here it was claimed by the appellants that the will made by their mother was ineffectual as to them, they not having been mentioned therein, and that there was an understanding at the time the will was made that the property willed by the mother to the father should be for the benefit of the children (appellants). It was held that there was no evidence in the case showing a trust of any nature, and the case is authority only to the point that the "strongest kind of proof must be adduced to establish a trust, and an express trust cannot be proven by parol testimony." This also is in effect the holding of the court in *Kinney v. McCall*, 57 Wash. 545, 107 Pac. 385. In *Harras v. Harras*, 60 Wash. 258, 110 Pac. 1058, the court held as follows:

"The authorities generally hold that, where one person verbally agrees to attend a judicial sale and purchase for the benefit of another who has a present interest in the land to be sold, the promisor will not be permitted to perpetrate a fraud by repudiating his agreement, but will be held a constructive trustee. The courts, with much unanimity, hold that a constructive trust will arise, and the promisor who buys the land at judicial sale will be decreed to hold the same for the benefit of the promisee, where there existed between them a confidential relation aside from that created by the agreement to purchase, where the promisee supplied a part of the purchase money, where the prom-

isee was lulled into inactivity by reason of the promise, and was prevented from protecting his rights in the land sold or refrained from doing so, where the promisor was enabled by reason of his agreement, to secure the land at a price materially below its actual value, or where persons interested in the land under the oral agreement remained in possession thereof and made valuable improvements. All of these conditions are shown to have prevailed in the case at bar, and we regard them as sufficient to sustain the trust declared by the trial court.''

In the case at bar, it is not claimed that there existed between the parties any relation apart from that created by the agreement to purchase, or that the respondent supplied a part of the purchase money, or that the respondent was lulled into any inaction by reason of the promise of the appellants, or that he was prevented from protecting his rights, or that the appellant, by reason of the agreement, secured property at a price materially below its actual value, or that the respondent, under the oral agreement, remained in possession or made valuable improvements, which are all the acts held in *Harras v. Harras* to constitute a trust. The decision is out of line with the authorities, in so far as it intimates that the mere breach of an express contract to convey gives rise to a constructive trust.

In *Mayer v. Jacob,* 61 Wash. 291, 112 Pac. 361, the evidence established a trust where it showed that the plaintiffs and defendant agreed to buy the land in equal sums and the plaintiff paid $500 earnest money and the conveyance was taken in the name of the defendant, who immediately repudiated the contract, claiming that the money was a loan to him. A resulting trust was established by the payment by the plaintiff of his share of the purchase price.

The backbone of respondent's case consists of the case of *McSorley v. Bullock*, 62 Wash. 140, 113 Pac. 279. The facts in that case were these: A stock of goods belonging to a corporation which was in bankruptcy was to be sold by the receiver. The appellant had an interest in the corporation and the goods and was desirous of purchasing the same at the receiver's sale. He made an arrangement with the respondent to bid the same in for him and take the bill of sale for the respondent's security therein. The appellant was thereafter to repay the amount of money so advanced, together with a reasonable payment to the respondent for the money advanced and for his time in the matter. Under this agreement the respondent subsequently converted the goods to his own use. Under these facts, the court found that a constructive trust was established and that parol evidence was properly admissible in proof thereof. If we accept the statement of the court that "the property was bought by the respondent to be held in trust for the appellant, and the bill of sale was simply intended for respondent's security for the money advanced," the decision can be sustained as falling within that class of cases represented by *Borrow v. Borrow,* which hold that, where title is taken as security for money actually loaned, the case does not fall within the operation of the statute of frauds. If, however, we view this decision in the light of the actual facts found by the court, the result is incorrect and the case should be overruled. The facts, as set forth in the opinion, hardly show the taking of the title as security for an actual loan. If the evidence had been sufficient to justify the finding that "the bill of sale was simply intended for respondent's security for money advanced," the decision is authority for the creation of a resulting trust (in the opinion incorrectly called a constructive trust) where money is actually

loaned on a binding promise to repay by the trustee to the *cestui que trust.*

The statute of frauds was held not to apply in the case of *Webber v. Whidden,* 63 Wash. 472, 115 Pac. 1046, where the purchase was for the joint use of the parties and where the respondents had actually furnished their proportionate share of the purchase price and had agreed to furnish the balance when due, a resulting trust thereby being created.

A conveyance was held, in the case of *Kalinowski v. McNeny,* 68 Wash. 681, 123 Pac. 1074, to be an express trust, not to be established by parol evidence, where the conveyance was to the grantor's husband to retain title for a limited time and to be reconveyed on request. The court, without discussion, held that, there being an express agreement to hold the property and convey it, an express trust was created.

*Parker v. Burwell,* 69 Wash. 386, 125 Pac. 151, held that a constructive trust arose in favor of the plaintiff where he had purchased state land at public sale and fully performed the contract, but the defendant had procured from the state a deed upon a "misrepresentation as to his being entitled thereto." This case presents a typical case of a trust arising out of fraud and contrary to the intention of the parties.

A constructive trust is also held to have arisen in the case of *Soderberg v. McRae,* 70 Wash. 235, 126 Pac. 538, where title was acquired secretly by an employee, who attempted to use that title adversely to the rights of his employer.

Judge Gose, in the case of *Arnold v. Hall,* 72 Wash. 50, 129 Pac. 914, 44 L. R. A. (N. S.) 349, discusses the distinction between express and implied trusts, and after reviewing numerous authorities, held that an express trust which cannot be proved by parol arises where a son conveyed property to his mother by deed

absolute in form, without consideration, under an agreement that she should immediately reconvey to him, there being no claim of fraud other than the failure of the trustee to perform the express contract, since no fraud inhered in the original transaction and equity will not raise a constructive trust upon the mere breach of an express contract to convey:

"The respondent argues that the transaction raised either a trust *ex maleficio* or a constructive trust. He pleaded an express contract to reconvey the property, and the evidence submitted is in harmony with the complaint. This would create an express trust. It is true that equity will raise a constructive trust to prevent a fraud, but where there is an express trust there can be, in the very nature of things, no implied or constructive trust . . . It holds that equity will raise a constructive trust when an express contract to reconvey the property has been breached. Such view is not only a virtual repeal of the statute of frauds, but is in clearest conflict with the decisions of this court to which reference has been made."

*Croup v. DeMoss*, 78 Wash. 128, 138 Pac. 671, held that an oral agreement to purchase an interest in a mining claim for the use and benefit of another is unenforcible under the statute of frauds, and its breach does not give rise to a resulting trust where the trustee did not pay or advance any of the money to make the purchase.

"If there was any, it was an oral agreement and related to an interest to be acquired in real estate. Standing alone, it was, therefore, unenforcible under the statute of frauds. It is no answer to say that the failure to carry out such agreement was a fraud opening the whole transaction to parol proof. To so hold would be to abrogate the statute and make every contract rest in parol proof upon a mere allegation of its breach."

Where a conveyance is made to a son, who is acting as administrator for the purpose of disposing of the land to pay the debts of an estate under his agreement to reconvey all that remained after the payment of the debts, there was an express trust and not a constructive trust, and therefore it could not be established by parol evidence, is the holding of the court in *Nichols v. Capen,* 79 Wash. 120, 139 Pac. 868, the court saying:

"A trust *ex maleficio* is one where, by ,reason of some fraud on the part of the party obtaining the title to the land, the law implies a trust relation. In such cases, the trust arises out of, or results from operation of law, and is not within the contemplation of the parties· at the time the conveyance is made. When, however, as in the case before us, a conveyance is made for an express purpose . . . the trust arises by act of the parties and not by operation of law—and cannot be established by parol."

The case of *O'Donnell v. McCool,* 89 Wash. 537, 154 Pac. 1090, was a case of resulting trust arising from the fact that a portion of the purchase price had been paid by one party and the title to the property had been taken by another. The court said:

"A resulting trust is a trust implied by law from the transactions of the parties. It never arises out of contract or agreement that is legally enforcible, 'but arises by implication of law from their acts and conduct apart from any contract, the law implying a trust where the acts of the party to be charged as trustee have been such as are in honesty and fair dealing consistent only with a purpose to hold the property in trust, notwithstanding such party may never have agreed to the trust and may have really intended to resist it.' 39 Cyc. 104. While such a trust may arise from other transactions, it has its most frequent application to transactions where one party pays the purchase price of property and title thereto is taken in another. In the case before us, if there is any resulting trust at all, it arises in this latter way."

In *Belcher v. Young*, 90 Wash. 303, 155 Pac. 1060, Judge Chadwick, speaking for the court, said:

"There is no separate instrument defining the trust, nor is there a definition of it in the deed. To show what the parties intended to do, resort must be had to parol testimony. This cannot be done. . . . By the same reasoning that supports the universal holding that an express trust cannot be proved by parol, it is held that an express trust that fails for want of proof will not be held to be a resulting trust in favor of the grantee except in certain cases. To so hold would defeat the rule. . . .

"No oral agreements, and no payments, before or after the title is taken, will create a resulting trust, unless the transaction is such at the moment the title passes that a trust will result from the transaction it-self. Perry, Trusts (6th ed.), § 133.

"The holdings that the payment of the purchase money, or a new consideration, will create an implied or resulting trust in favor of the one paying the purchase price or giving the new consideration, which may be proved by parol, rests upon the same principle as the right to prove that a deed, absolute in form, may be shown by like proof to be a mortgage. It is an exception to, and at the same time an aid to, the general rule, that is to say, that equity will always intervene to protect the equitable title. An express trust failing for want of proof, the trust, if any, results in favor of the holder of the equitable title, and not in favor of the holder of the legal title. 3 Pomeroy, Equity Jurisprudence (3d ed.), § 1032.

"All that we can make out of the case is that the parties have undertaken to create an express trust, and as against the holder of the equitable title, the trust has failed for want of competent evidence to sustain it."

Judge Fullerton, in *Ihrke v. Continental Life Ins. & Inv. Co.*, 91 Wash. 342, 157 Pac. 866, L. R. A. 1916F. 430, recognizing the class of cases which are taken out of the operation of the statute of frauds by the fact

that the *cestui que trust* had furnished the purchase price, said:

"We have held that, where money for the purchase price of land, or some part of the purchase price, is furnished by one person and the deed to the property is taken in the name of another, that other becomes the trustee of the first person to the extent of such first person's interest in the purchase price. *O'Donnell v. McCool,* 89 Wash. 537, 154 Pac. 1090, and cases there cited. The principle involved in these cases is not different from the principle involved in the case at bar. In the cases cited, the trust arises in favor of the person furnishing the purchase price, because in justice and equity the property is his, in other words, it was bought with his money."

In *In re Mason's Estate,* 95 Wash. 564, 164 Pac. 205, the same judge, speaking for the court, reviews several of the prior decisions of this court, and decided that an oral promise to convey land to another upon payment of the purchase price is not enforcible as an express trust because not in writing, nor as a resulting trust where there is no part payment by the *cestui que trust,* or other equitable circumstances, and the transaction was simply optional.

*Womach v. Sandygren,* 96 Wash. 12, 164 Pac. 600, holds that, where the purchase price of property was paid by an ancestor and the title thereof taken in the name of one of her children, a resulting trust was established.

*Ackerson v. Elliott,* 97 Wash. 31, 165 Pac. 899, considered the question of a constructive trust arising in favor of a principal whose agent had secretly acquired title to a portion of his principal's property.

In *Brown v. Kausche,* 98 Wash. 470, 167 Pac. 1075, after reviewing decisions of this court, Judge Main held that a devise by a husband of all of the community property to his wife, under an oral agreement that

she should use it during her life and hold it intact to be divided among the children, created an express trust upon the widow's deeding the property to a son in violation of the oral agreement; there was no resulting or constructive trust that could be established by oral evidence, Judge Main saying:

"In the present case . . . no fraud inhered in the original transaction. If the trust sought to be proved by parol in those cases was an express trust, it necessarily follows that, in the case now before us, the trust sought to be established by oral testimony was likewise an express trust. It is true that, in each of those cases, the trust sought to be established was in favor of the grantor, while here it was in favor of third persons—the children of the testator and his wife. But this fact could make no difference in the application of the principle. If, in the cases referred to, the trust arose by act of the parties and not by operation of law, it necessarily follows that, in the present case, the trust arose in the same way, that is, out of the oral arrangement between Mr. and Mrs. Kausche, and was therefore an express trust."

The last expression of this court upon the question here under consideration is contained in the case of *In re Parkes' Estate*, 101 Wash. 659, 172 Pac. 908, in which case it was alleged that there was an oral agreement that, if the appellant would convey all his interest in his father's estate to his mother, she would make a will devising and bequeathing all of the property of which she should die possessed to the appellant, and that the mother died and left a will which did not comply with this agreement.

"Appellant says this trust he seeks is an implied trust arising by operation of law. In another section of his brief he says 'the facts stated charged the decedent with a constructive or resulting trust and that her devisees would take under the will charged with the same trust.' Under the generally accepted mean-

ing of these terms, the facts disclose no implied trust, neither a constructive nor resulting trust. It cannot be an implied trust, for such a trust arises only from the language of the parties where no express trust is declared, but words are used from which the courts infer or imply a trust was intended. Perry, Trusts, § 25. The facts show nothing of this character. It cannot be a constructive trust or, as it is sometimes called, a trust *ex maleficio,* as such a trust only arises where one clothed with some fiduciary or like character, by fraud or otherwise, gains some advantage to himself which the law will not permit him to retain, but decrees that he hold it in trust for the one whom he has defrauded. Perry, Trusts, § 26. Nothing of this kind is pleaded. It is not a resulting trust, for such a trust can never arise from any contract or agreement of parties, but is one which the law presumes from their acts. Perry, Trusts, §§ 27, 134.

"It is plain that, if any trust is here created, it arises, not out of the law in the absence of agreement, but directly out of the agreement of the parties pleaded by appellant in his complaint. Appellant is directly seeking the enforcement of the agreement he alleges; an express agreement and an express trust. The facts pleaded can fit no other form of trust. Where two parties enter into an express agreement in relation to their property, there is no semblance of an implied or resulting trust; if trust of any nature it is an express trust and subject to all the limitations of such a trust, among which is that it cannot be established by parol where it seeks to affect the title to real property. Many of our cases have so declared the law and they will be found cited in *Arnold v. Hall,* 72 Wash. 50, 129 Pac. 914, 44 L. R. A. (N. S.) 349; *Nichols v. Capen,* 79 Wash. 120, 139 Pac. 868."

No more apt language could be chosen than that just quoted to cover the facts in the instant case.

The decisions of this court fall into these groups: (1) Those cases where intentionally the parties, by express agreement, have created express trusts, which cannot be proved by parol even though the agreements

have been breached; (2) those cases where parol evidence is admissible to prove express trusts by reason of such part performance by the *cestui que trust* as to remove the case from the operation of the statute of frauds; (3) those cases of resulting trust where the purchase price has been paid by one and the title taken by another, or where an actual loan has been made by the trustee who holds the title as security, this trust being treated as a mortgage; (4) those cases of constructive trust which have arisen from fraud inhering in the transaction and arising contrary to the intention of the one holding the legal title; (5) those cases where it has erroneously been held that a constructive trust has arisen by the breach of an express contract, where there was no fraud in the transaction and the only bad faith was in the breach of the contract. Here there was an express agreement to do a certain and definite thing; no fraud existed in the making of the agreement, and the only fraud which is claimed was in its breach. Under the decisions which we have analyzed, this is not sufficient to raise a constructive trust. No payment having been made on the purchase price by the respondent, this case does not fall within the class of cases which this court has held were resulting trusts, for here title has not been taken by one party and payment made by another party, nor was a loan made by the appellants which the respondent was obligated to repay. Nor has there been any part performance by the respondent which would take the case out of the operation of the statute.

Some claim is made by respondent that, because of his interest in the bankrupt company, he has been deprived thereof by the appellant's action, and that amounts in some way to such part performance as to make the statute inoperative. The record shows, however, that the respondent's interest in the company,

were it solvent, was not great, and furthermore, that the company was so completely bankrupt' that the creditors would receive but a small portion of their claim and that there was no possibility whatsoever of the stockholders receiving any dividends upon their stock. Therefore the respondent's interest was not such as to avail him anything. The trust, upon the terms of which the respondent relies for his recovery of a decree in this action, being an express trust, the court was in error in receiving parol evidence to establish it.

The lower court is therefore reversed and the action dismissed.

MOUNT, HOLCOMB, and CHADWICK, JJ., concur.