[No. 24419.  Department Two.  July 27, 1933.]

LEE RICHARDS, *Appellant,* v. HAZEL R. LOCKHART, *as Executrix, et al., Respondents.*[1]

*Chambers & Brisky* and *A. C. Bannon,* for appellant.

*Welts & Welts, C. J. Henderson, George Crandall, Dave Hammack,* and *James R. Hammack,* for respondents.

MAIN, J.—The plaintiff brought this action seeking to have a trust established in his favor to the property of the estate of Nelson B. Richards, deceased, his father. To the fourth amended complaint, a demurrer was interposed and sustained. The plaintiff refused to plead further, and a judgment was entered dismissing the action, from which he appeals.

Most of the assignments of error are based upon the rulings of the trial court in sustaining motions to strike from the previous complaints of the appellant,

[1]Reported in 24 P. (2d) 113.

and especially to the ruling on the motion directed to the second amended complaint. For the purposes of this decision, we shall take the facts as they are alleged in the second amended complaint, and, if these fail to make a cause of action, there can be no prejudicial error based upon the rulings of the court upon the motions to strike. The second amended complaint is too long to be here set out in full, and we shall attempt only a summary of the facts as therein stated.

Nelson B. Richards, the father of the plaintiff, and Eva L. Baker were married June 8, 1885, and the appellant was the sole and only issue of this marriage. In less than two years after the marriage, difficulties arose between the husband and wife, and the latter, with her then infant son, the appellant, went to live with her mother in Skagit county. While the husband and wife were thus living separate and apart, they made what is called a property settlement, in which it was agreed that should either get a divorce one from the other, Nelson B. Richards would give to his then wife, Eva L. Richards, the sum of one thousand dollars when their ranch, which they then owned in Skagit county, should be sold, and that the father would educate and help bring up the appellant, then a small child, and at his death would give to the son a child's share of his estate. These promises were on the condition that Mrs. Richards, in the event that she brought an action for divorce, would not ask for alimony, separate money or any other division of the real or personal property belonging to the parties.

In the year 1887, Mrs. Richards went to the state of California, taking with her the then infant son. While residing in California, she and her husband had certain correspondence, and he reiterated that he would carry out the promises that he had made to her before she had left Skagit county. In the year 1888,

Mrs. Richards, in the state of California, secured a divorce decree, and did not ask or receive any alimony, separate money, costs or division of the property of herself and husband. Sometime subsequently Nelson B. Richards was married to Lydia Richards, and the latter died on or about March 1, 1931, leaving a last will and testament by which she devised and bequeathed all of her property to her husband, except five dollars to the appellant. March 5, 1931, or a few days later, Nelson B. Richards died, leaving a last will and testament in which he devised all of his property to beneficiaries other than the appellant, to whom he bequeathed the sum of five dollars. In his will, Hazel R. Lockhart was named as executrix thereof, and the will was duly admitted to probate.

The ranch at no time had been sold prior to the death of Nelson B. Richards, and he had failed to keep and perform any of the promises that he had made relative to the appellant. The father and son had lived practically as strangers to each other, and there had been little, if any, friendly association between them. It is alleged that the promises upon which the action is based were made for the benefit of the appellant.

In the twelfth or last paragraph of the second amended complaint, it is alleged that, by reason of the foregoing facts,

" . . . a trust has arisen and become fixed upon the estate in favor of said plaintiff herein, and that under said agreement and understanding all of said estate willed and bequeathed and devised to the above named defendants is the property of said plaintiff and should be decreed to be the property of said plaintiff by virtue of said trust which has hereinbefore been fully set forth, subject only to the costs of administration in the estate of Nelson B. Richards, deceased."

The prayer is that all of the estate be decreed to be the sole property of the appellant, after deducting the lawful charges for the administration thereof. From the facts stated, it will be observed that the agreement out of which it is now claimed a constructive or resulting trust arose was made more than forty years prior to the institution of this action.

The question of when a constructive or resulting trust will arise has been frequently before this court, and has been many times fully discussed. We shall not here enter upon a restatement or discussion of the law with reference to such trusts. It will be assumed that, if from the facts alleged or any reasonable inference that might be drawn therefrom, it appears that, at the time Nelson B. Richards made the promises referred to as a property settlement, they were made in bad faith and without any intention of performing the same, a constructive trust would arise. Such trusts usually arise as the result of fraud, either actual or constructive. Where promises are made in a transaction in bad faith and with no intention to perform the same, they may be fraudulent. In order, however, for such promises to furnish the basis for a constructive trust, the fraud which they create must inhere in the original transaction. *Rozell v. Vansyckle,* 11 Wash. 79, 39 Pac. 270; *Arnold v. Hall,* 72 Wash. 50, 129 Pac. 914, 44 L. R. A. (N. S.) 349; *Farrell v. Mentzer,* 102 Wash. 629, 174 Pac. 482.

After reading and rereading the second amended complaint with care, we are unable to find any facts therein which show, or from which it can reasonably be inferred, that Nelson B. Richards, at the time he made the so-called property settlement, was actuated by bad faith and with no intention to perform. The fact that he subsequently breached the agreement and failed to perform, under the authorities cited and many

672

others that might be assembled, would not cause the creation of a constructive or resulting trust. Whether there is any other reason why the facts alleged do not make a cause of action, it is unnecessary here to determine.

The judgment will be affirmed.

BEALS, C. J., STEINERT, BLAKE, and TOLMAN, JJ., concur.