[No. 6323. Decided October 23, 1906.]

MARY JANE FROST *et al., Appellants,* v. JAMES PERFIELD, *Respondent.*[1]

PRINCIPAL AND AGENT—AGENCY—BUYING IN DELINQUENT PROPERTY AT TAX SALE—REFUSAL TO CONVEY TO PRINCIPAL. A lessor and neighbor of the owner of property, who bids the same in at tax sale, acts as agent for the owner and is bound to reconvey upon tender of the taxes, where it appears that, after the owner's removal to Alaska, such lessor, who was delinquent in rent, upon the owner's request went to the county seat to investigate the taxes at different times, reported that they were delinquent, and later that the premises were about to be sold, and that he would attend the sale and bid in the property if the price was not too high, and that he bid in the property without notifying the owner that he was acting for himself.

Appeal from a judgment of the superior court for Pierce county, Snell, J., entered January 10, 1906, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action to compel an agent to convey property bought at tax sale for the original owner. Reversed.

*Boyle & Warburton,* for appellants.

*George T. Reid,* for respondent.

ROOT, J.—In the year 1899 the appellant Mrs. Frost let a tract of land, owned by her and the other appellants, to the respondent, at a rental of $20 per year. The respondent leased the property principally on account of a spring of water located near his adjoining hop field, the water to be used in spraying his hops. He paid the rent for the year 1899 and up to and including the year 1902. He paid no rent for the years 1903, 1904 and 1905. In 1900 appellant Mary Jane Frost and her son Roy and daughter Edith moved to Alaska, where they remained until July, 1905. In the latter part of the year 1903, Mrs. Frost wrote to respondent,

[1]Reported in 87 Pac. 117.

requesting him to pay the taxes on said property, deducting the same from what he owed her if sufficient, and stating that, if the taxes exceeded the amount thus owing, to send her a bill for the balance, which she would repay. Shortly after receiving his letter, respondent went to the city of Tacoma and inquired about said taxes and was informed that the property had been sold to the county for delinquent taxes. He did not immediately answer appellant's letter. She again wrote him in the early part of 1904, making the same request, whereupon he again visited the county treasurer's office and learned that the property would be sold by the county soon thereafter. He then wrote to Mrs. Frost, telling her that the property would be advertised for sale and sold in the near future, and that he would attend the sale and bid in the property if it did not sell too high. Mrs. Frost claims that in his letter to her he stated that he would bid in the property for her. The respondent denies this. The letter which he wrote was not produced in evidence, the appellant Mrs. Frost stating that the same had been lost. The letters of Mrs. Frost to respondent were not introduced in evidence, the respondent claiming that said letters had been lost. The respondent attended the sale and bid in the land for $460. Mrs. Frost returned from Alaska about July, 1905, and immediately called upon respondent to find out about her land. Respondent told her he had bought in the land for $460, and that he would convey it to her if she would pay him $650. She and her son testify that respondent stated that he ought to have the difference between $460 and $650 for his trouble, time, and money. Mrs. Frost claims that, at the first interview, respondent did not intimate that he had bought the land for himself. She saw him again soon thereafter, and tendered the money he first demanded, and asked for a deed. On his refusal to execute and deliver such deed, this action was brought. Trial was had by the court without a jury, and findings and conclusions

made and entered in favor of respondent. From a judgment entered thereupon this appeal is taken.

We think the judgment must be reversed. It is urged by respondent that he did not promise to buy in this property for appellants, and that he was under no obligation to do so. It is very evident, however, from the evidence, that the appellants understood the letter which they received from respondent to mean that he would buy in the property as their agent. He was their tenant and had been their neighbor, and they had written to him to ascertain about the condition of the taxes upon this property. When he received that letter, it was optional with him whether he would comply with their request or not. He could have declined to do anything in the matter, or he could have written and told them to secure the services of some other person. Instead of doing this, he complied with the request to the extent of going to Tacoma and making inquiries at the county treasurer's office relative to these taxes. When he did this, he constituted himself the agent of appellants. Upon receiving the second letter, he again visited the treasurer's office and ascertained the condition of the property with relation to the taxes. When he wrote to Mrs. Frost and told her the condition in which he found the property, it was in answer to her letter requesting him to investigate the matter, and she had a right to suppose that he was acting not only at her request but in her behalf. In view of the relationship existing between the parties, and of all the circumstances, we think that he was not justified in buying in the property for himself without plainly informing the appellants of that intention. If Mrs. Frost's version of what respondent's letter contained is the true one, there could be no question of respondent's duty in the premises. But accepting the evidence of the respondent himself, to the effect that he stated that he was going to bid in the property if it did not go too high, we think such a statement under the circumstances of

the case, was well calculated to make appellants believe, and that they did believe, that respondent was intending to bid in the property as their agent, and for their benefit. If, when he wrote that letter, he intended to bid in the property for his own use and benefit, we think it was his duty to have so stated, plainly and unequivocally. He does not claim to have so done. Where a woman and her children rely upon a neighbor and tenant, whom they have intrusted to look after a matter in their behalf, under such circumstances as are here presented, they should not be compelled to suffer as victims of misplaced confidence unless the law or right of the matter clearly necessitates such punishment. Such is not the case here.

The judgment of the honorable superior court is reversed, and the cause remanded with instructions to enter a judgment and decree requiring the respondent to convey to appellants the property in question upon payment of the $460 and subsequent taxes (if any) paid by respondent to the county, together with legal interest thereon from the date of said purchase to the time of the commencement of this action, less sixty dollars rent for years 1903, 1904, and 1905, with legal interest thereon.

MOUNT, C. J., CROW, HADLEY, FULLERTON, RUDKIN, and DUNBAR, JJ., concur.