[No. 11133.    Department One.    July 1, 1913.]

THE STATE OF WASHINGTON, on the Relation of David
Abrashin, Respondent, v. ED. L. TERRY et al.,
Appellants.[1]

TAXATION—SALES—REDEMPTION. Under Rem. & Bal. Code, § 7808, redemption from a tax sale to satisfy a local assessment must be made within two years after the sale and within 60 days after the publication of notice of demand for a deed.

PARTIES—NECESSARY PARTIES—DEMAND FOR A DEED. Objection that a married man cannot maintain an action to obtain a tax deed without joining his wife is waived where it is not raised by demurrer or answer, under Rem. & Bal. Code, §§ 261-263.

[1]Reported in 133 Pac. 386.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered January 31, 1913, upon findings in favor of the relator, in mandamus proceedings. Affirmed.

*Charles E. Patterson, James M. Gephart, James E. Bradford,* and *William B. Allison,* for appellants.

*William E. Froude* and *Higgins & Hughes* (*Hyman Zettler,* of counsel), for respondent.

MOUNT, J.—This appeal is from an order of the superior court for King county requiring Ed. L. Terry, as treasurer of the city of Seattle, to execute and deliver to the plaintiff a deed for lot 8, block 7, Latona First addition to the city of Seattle.

There is no dispute upon the facts, which are as follows: On January 21, 1910, the city treasurer of Seattle duly sold to M. Abrashin the lot in question, to satisfy unpaid delinquent assessments against said lot duly levied in an eminent domain proceeding by the city of Seattle. On said date, the city treasurer issued to M. Abrashin a certificate of purchase for this lot. All the proceedings leading up to the issuance of that certificate were regular and in compliance with law. On November 23, 1910, M. Abrashin sold and assigned the certificate of purchase to David Abrashin, and he is now the owner and holder thereof. On March 2, 1912, and for three consecutive weeks thereafter, the relator herein published notice that he was the holder of the above mentioned certificate, that unless redemption was made within sixty days from the date of the first publication, relator would demand a deed for said property from the city treasurer of Seattle. This notice was directed to the owner of said property and was regularly published in a weekly newspaper published in the city of Seattle. The owner of the property, Mr. George C. McKee, was a nonresident of the state of Washington. He resided in Chicago, state of Illinois. The relator paid all taxes and special assessments on said prop-

erty and all interest, penalties and charges thereon levied prior to and subsequent to the said sale, and on May 11, 1912, after having published the notice above referred to, he filed the same with the city treasurer, together with proof of publication thereof and an affidavit showing that service of said notice had been made by publication, that all taxes and assessments on said property had been paid, and that he had demanded of the treasurer a deed for the property above described. No redemption was made prior to the date of the first publication of the notice, nor for sixty days thereafter. On May 11, 1912, after the demand had been made as aforesaid, after the treasurer had ascertained that all proceedings relating thereto were regular, and after he had prepared a deed but prior to signing the same, the defendant, George C. McKee, tendered to the city treasurer the sum of $245.43, being the total amount due for the redemption of said certificate of purchase and attempted to redeem the property from the sale. The treasurer thereupon issued a purported certificate of redemption for said property. This action was then brought to require the city treasurer to deliver to the relator a deed for the property.

Appellants present two questions: First, where property has been sold by a city treasurer for delinquent local assessments, can a redemption be made by the owner after two years from the date of the sale, and after the holder of the certificate of purchase has given sixty days' notice by publication of his intention to apply for a deed and has fully complied with the law and demanded a deed; and, second, can the relator, being a married man, maintain this action without joining his wife as relator?

Upon the first question, the statute provides as follows:

"Every piece of property sold for an assessment shall be subject to redemption by the former owner, or his grantee, mortgagee, heir or other representative at any time within two years from the date of the sale upon payment to the treasurer for the purchaser of the amount for which the same was sold, with interest at the rate of fifteen per cent

per annum, together with all taxes and special assessments, interest, penalties and charges thereon paid by the purchaser of such piece of property since such sale, with like interest thereon. Unless written notice of taxes and assessments subsequently paid, and the amount thereof shall be deposited with the treasurer, redemption may be made without including the same. On any such redemption being made, the treasurer shall give to the redemptioner a certificate of redemption therefor, and pay over the amount received from such redemption to the purchaser or his assigns. Should no redemption be made within said period of two years, the treasurer shall, on demand of the purchaser or his assigns, and the surrender to him of the certificate of purchase, execute to such purchaser or his assigns, a deed for the piece of property therein described: Provided, that no such deed shall be executed until the holder of such certificate of purchase shall have notified the owner of such piece of property that he holds such certificate, and that he will demand a deed therefor; and if, notwithstanding such notice, no redemption is made within sixty days from the date of the service or first publication of such notice, said holder shall be entitled to said deed. . . ." Rem. & Bal. Code, § 7808 (P. C. 171 § 111).

It is argued by the appellants, in substance, that the purchaser at the tax sale acquires a mere lien upon the property, and that he does not acquire title to the property until the delivery of the deed, and that if redemption is made at any time before the deed is executed and delivered, such redemption is within time. The statute, however, is clear to the effect that the redemption must be made within two years, and if no redemption shall be made within said period of two years, the treasurer shall, on demand of the purchaser, execute to said purchaser or his assigns a deed for the property therein described: Provided, that no such deed shall be executed until the holder of such certificate of purchase shall have notified the owner of such piece of property that he holds such certificate and that he will demand a deed therefor, and if, notwithstanding such notice, no redemption is made within sixty days from the date of the first publication

of such notice, said holder shall be entitled to said deed. In other words, the owner's right to redeem is cut off when two years have expired and when sixty days' notice has been given and a demand for a deed has been made and the certificate has been surrendered and when the taxes and assessments have been paid. In this case, the two years' period had expired before the notice was published. The owner thereby had sixty days' additional time within which to make redemption. After this notice was given to the owner, and after no redemption had been made within the time provided therefor, and after the treasurer was satisfied that all the requirements of the law had been complied with, it was his duty to execute and deliver the deed. In short, in this case it was shown conclusively, and is not disputed, that the two years' limitation had expired and that the sixty days' limitation had expired and that the deed had been issued but had not been signed and delivered when the attempted redemption was made. The holder of the certificate, therefore, had done all that he was required to do and he thereby became the owner of the title and was entitled to his deed. We see no escape from this conclusion. The law as stated by Jaggard on the Law of Taxation, pp. 488-490, is as follows:

"The state has power to sell land for taxes absolutely. Whatever privilege of redeeming it may grant is of grace; it is not a right the delinquent taxpayer is entitled to demand. Accordingly, redemption must, in all essential respects, conform to the statute which permits it. . . .

"The time for redemption is fixed by statute. 'The person having a right to redeem must avail himself of the right during the time fixed by statute.' The time as so fixed is absolute. It does not depend on the discretion of the law courts within the limits so determined, or the conduct of any public official, or a misrecital in a deed."

In Black on Tax Titles (2d ed.), § 350, the rule is stated as follows:

"At the same time it is very necessary to remember that the right of redemption from tax sales is a purely statutory

right. It is an act of grace, a privilege, not founded upon any principles of inherent justice or of the common law. Hence the construction of the statutes can never be strained so far as to excuse an actual failure of compliance with the positive directions of the law. Whatever steps the law marks out for the party seeking to redeem, these he must scrupulously follow. . . ."

To the same effect see: *Pearson v. Robinson,* 44 Iowa 413; *Stewart v. White,* 19 Idaho 60, 112 Pac. 677; *Pollen v. Magna Charta Min. & Mill Co.,* 40 Colo. 89, 90 Pac. 639. It is apparent, therefore, that the attempted redemption came too late, and it was the duty of the city treasurer to sign and deliver the deed which had been issued.

It is next argued that the relator is not authorized to maintain this action because he was a married man and his wife did not join in this action. This point was not raised until the evidence was closed and upon the final argument at the trial below. The point not having been raised in time to be met by the respondent, must be taken as waived. The point was neither raised by demurrer nor by answer. It was therefore not raised in time. Rem. & Bal. Code, §§ 261-263 (P. C. 81 §§ 229-233).

The judgment of the trial court was right and is therefore affirmed.

CHADWICK, GOSE, and PARKER, JJ., concur.