[No. 25699.   Department Two.   July 23, 1935.]

DANIEL TWARDUS *et al.*, *Appellants*, v. H. B. CREWSON *et al.*, *Respondents*.[1]

*Philip Tworoger*, for appellants.

*Charles F. Riddell*, for respondents.

MAIN, J.—This action was brought to quiet title to real property. The defendants H. B. Crewson and wife were not served with process, they being absent from this jurisdiction.  The other defendants, A. A. Kretchmar and wife, answered, denying the right of the plaintiffs to the relief sought, and, by cross-complaint, sought to quiet title to the property in themselves.  The trial resulted in findings of fact from which it was concluded that the plaintiffs were not entitled to prevail, and that the defendants were.  From

[1]Reported in 47 P. (2d) 829.

the judgment entered dismissing the complaint of the plaintiffs and quieting title to the property in the defendants Kretchmar and wife, the plaintiffs appeal.

The facts are not in serious dispute, and may be summarized as follows: The appellants owned a tract of land in the city of Seattle and leased the same to one Hay. Thereafter, Hay assigned the lease to the respondent A. A. Kretchmar, who will be referred to as though he were the only party interested on that side of the controversy. Kretchmar operated a coal and wood yard thereon, and the appellants resided nearby.

The city of Seattle created a local improvement district for the purpose of improving certain streets, the property here in controversy being within the district and being assessed for its proportionate share of the cost. The assessments were payable in annual installments, and the appellants permitted the third to become delinquent. For this delinquent assessment, the treasurer of the city of Seattle, in, the manner provided by law, at public sale, sold the property, and it was bid in by the city, to which a certificate of sale was issued. Thereafter, Kretchmar purchased the certificate from the city and took the same in the name of H. B. Crewson, who resided at Juneau, Alaska. Subsequently, other delinquent assessments were paid by the certificate holder.

The certificate was issued to the city October 22, 1927. October 29, 1929, the certificate holder served notice upon the appellants that, at the expiration of sixty days from that date, he would demand a deed. December 29th, a deed was issued, and three days later the appellants tendered an amount sufficient to redeem the property, which was refused. Thereafter the present action was begun, the complaint being filed March 23, 1934.

It will be observed from the statement made that the tender was not made within the period of sixty days after the notice that a deed would be demanded was served upon the appellants, and more than two years had elapsed since the certificate was issued. In addition to this, it will be observed that the complaint was not filed within a period of three years after the deed had been issued and delivered.

Rem. Rev. Stat., § 9256 [P. C. § 7586], provides that every piece of property sold for an assessment shall be subject to redemption by the former owner at any time "within two years from the date of the sale," upon payment to the treasurer of the amount for which the same was sold, with interest as specified. This section of the statute contains a proviso that no deed shall be executed until the holder of the certificate of purchase "shall have notified the owner of such piece of property that he holds such certificate, and that he will demand a deed therefor."

In *State ex rel. Abrashin v. Terry,* 74 Wash. 208, 133 Pac. 386, it was held that a redemption from a tax sale to satisfy a local assessment must be made within two years after the sale and within sixty days after the publication of notice of demand for a deed.

Rem. Rev. Stat., § 9394-1 [P. C. § 1022-1], provides that actions to set aside or cancel any deed heretofore or hereafter issued after and upon the sale of property for local improvement assessments or for the recovery of property sold for delinquent local improvement assessments, "must be brought within three years from and after the date of the issuance of such deed; . . ."

In *Jorgensen v. Thurston County,* 145 Wash. 282, 259 Pac. 720, it was held that a void tax deed constitutes a sufficient basis to start the running of the statute of limitations.

The appellants seek to avoid the effect of the statutes and cases cited, by reason of the fact that the purchaser of the certificate from the city in this case was a tenant of the appellants in possession of the property. While it is the general rule that a tenant in possession will not be permitted to deny his landlord's title, as such title existed at the creation or inception of the tenancy, that rule does not prohibit the tenant from becoming a purchaser at a judicial or execution sale, for the reason that, by purchase at such sale, he is not disputing his landlord's title as of the time when the tenancy was created, but is acquiring a title which subsequently arose. *Atwood v. McGrath,* 137 Wash. 400, 242 Pac. 648; *Parks v. Lepley,* 160 Wash. 287, 294 Pac. 1020. The tenant Kretchmar having purchased the certificate and taken the same in the name of Crewson, the situation is not different from what it would have been had he taken the certificate in his own name. There is in this case nothing from which it can be concluded that Kretchmar was guilty of fraud.

The case of *Frost v. Perfield,* 44 Wash. 185, 87 Pac. 117, is upon entirely different facts. There, the tenant had informed the landlord, who was a non-resident of the state, that he would attend the sale and bid in the property for him, if the price was not too high, and he bid it in without notifying the owner that he was acting for himself. There is nothing of that kind in the present case.

The judgment will be affirmed.

BLAKE, TOLMAN, BEALS, and GERAGHTY, JJ., concur.