[No. 28675. Department Two. December 21, 1942.]

CHARLOTTE BRYDGES *et al., Respondents,* v. THE MILLIONAIR CLUB, INC., *Appellant.*[1]

[1]Reported in 132 P. (2d) 188.

*Carl J. Smith,* for appellant.

*Hyland, Elvidge & Alvord* and *Monroe Watt,* for respondents.

BEALS, J.—This action was instituted by Charlotte Brydges and several others, owners as tenants in common of a tract of improved real estate in the city of Seattle, against The Millionair Club, Inc., a corporation, for the purpose of recovering possession of the property under the unlawful detainer statute. In their complaint, which was filed September 5, 1941, plaintiffs alleged their ownership of the property; the possession thereof as a tenant by the defendant, at an agreed rental of seventy-five dollars per month; that the rental from March 15, 1941, was wholly unpaid; and that July 24, 1941, plaintiffs had caused to be served upon defendant a notice requiring payment of the rent due within three days from the date of service of the notice. It was further alleged that no rent had been paid, and that plaintiffs were entitled to a writ of restitution placing plaintiffs in possession of the property. Plaintiffs asked for judgment for the amount of rent due, and that the amount due be doubled, as provided by statute.

By its answer, defendant admitted the service of the notice requiring payment of rent, but denied plaintiffs' ownership of the property and its possession thereof as

plaintiffs' tenant, also denying that plaintiffs were entitled to a writ of restitution.

By way of an affirmative defense, defendant alleged that it entered into possession of the premises under an option to purchase the same from plaintiffs, and not as a tenant; denied that it ever agreed to pay rent for the premises; and alleged that it had purchased from one of the plaintiffs his undivided interest in the real estate, and that it was holding possession of the premises as a tenant in common with the other plaintiffs.

Plaintiffs demurred to this affirmative defense for want of sufficient facts, and October 2, 1941, after argument, the court entered an order sustaining plaintiffs' demurrer.

December 1, 1941, the action came on regularly for trial before the court, and resulted in findings of fact and conclusions of law in plaintiffs' favor, followed by a judgment providing that a writ of restitution issue, directed to the sheriff, instructing him to place plaintiffs in possession of the premises. A judgment for rent was also awarded in favor of certain of the plaintiffs, and one plaintiff was dismissed from the action. From this judgment, defendent has appealed.

Error is assigned upon the order sustaining the demurrer to the affirmative defense contained in appellant's answer; upon the admission of certain testimony over appellant's objection; and upon the entry of the judgment appealed from.

As above stated, the action was instituted by the respondents, who alleged their ownership as tenants in common of the premises which are the subject matter of the action. The trial court found that the persons named as plaintiffs in the complaint were, at the time appellant took possession of the property, the owners thereof; that thereafter W. Arthur Smith and W. H. Thompson, as successors in interest of George W.

Smith, one of the plaintiffs and one of the tenants in common of the premises in question, conveyed to appellant all their interest in the property; that thereafter Frieda Ahues also conveyed to appellant her undivided interest in the property; that these conveyances were made without the knowledge of the other respondents; and that by these conveyances appellant became the owner of an undivided 25/140ths interest in the property.

These facts caused the removal of George W. Smith as a party plaintiff, as above stated. Respondent Frieda Ahues remained as a party plaintiff, because it appeared that she was entitled to judgment against appellant for a small amount of rent which had accrued in her favor prior to the date of the conveyance by her to appellant of her interest in the property. The trial court awarded the respondents, respectively, judgment for the various amounts of rental due them, based upon their respective interests in the property.

While the evidence was somewhat in dispute, the trial court expressly found that August 6, 1940, appellant rented the premises from respondents on a month-to-month tenancy, at seventy-five dollars per month, having previously taken possession; that, on the date referred to, appellant paid to respondents' agent six hundred dollars, which paid its rent to March 15, 1941; and that appellant had remained in possession of the premises to the date of the trial of this action. The trial court also found that, appellant having paid no rent subsequent to March 15, 1941, respondents, July 24, 1941, caused to be served upon appellant and posted upon the premises a notice requiring appellant to pay within three days the delinquent rent or surrender the premises to respondents and that appellant had neither paid the rent nor surrendered the premises.

Finally the trial court found that appellant was guilty of unlawful detainer of the premises, and that respondents were entitled to immediate possession thereof.

■ The findings of the trial court are amply supported by the evidence, and appellant assigns no error upon the making of any finding. The facts found, then, must be accepted as established facts in the case. *LeCocq Motors v. Whatcom County*, 4 Wn. (2d) 601, 104 P. (2d) 475. One of appellant's assignments of error does, however, present the question of whether or not the findings of fact support the conclusions of law and the judgment.

■ The court's finding that the relationship of landlord and tenant existed between respondents and appellant was based upon disputed testimony, and it is not contended in appellant's brief that any evidence was improperly admitted by the trial court over its objection. Under these circumstances, appellant is bound by the court's finding, which, it may be observed, is supported by the preponderance of the evidence.

Appellant assigns error upon the order sustaining respondent's demurrer to its affirmative defense above referred to, citing authorities to the effect that ordinarily a tenant may show that he has acquired the title of his landlord, or that, by some other means, such as a decree of specific performance or purchase at a judicial or execution sale, he has become the owner of the property. The gist of appellant's affirmative defense was that it had purchased an undivided interest in the premises from one of the respondents, and at the time of answering, was "holding the possession of said premises as a tenant in common."

On the trial, it was admitted that appellant had purchased the interest of George W. Smith in the premises, and also the interest of Frieda Ahues; and, if such

facts constituted any defense to the action, appellant has the full benefit thereof.

Appellant vigorously contends that this action, being one in unlawful detainer, may not be maintained by respondents, for the reason that appellant was, prior to the institution of the action, and at all times since has been, a tenant in common of the premises with respondents. Appellant obtained possession of the premises August 6, 1940, long before it became a tenant in common by acquiring the interest of George W. Smith in the real estate. As found by the trial court, appellant entered into possession of the premises as respondents' tenant and as the tenant of the two persons whose interest in the premises it subsequently acquired. It is undoubtedly the law, as argued by appellant, that a tenant may, under certain circumstances, acquire by deed or other conveyance the title of his landlord, and that it frequently, though not always, follows that the lease, being a lesser estate, becomes merged with the fee title. Appellant argues that a summary proceeding such as an action in unlawful detainer cannot be maintained between tenants in common, and that an action in partition is the only remedy whereby disputes between tenants in common may be adjudicated.

In this connection, appellant cites the opinion of this court in the case of *Hamilton v. Johnson,* 137 Wash. 92, 241 Pac. 672, which was an action in partition. The defendant contended that she and the plaintiffs owned the property in fee, but denied that they owned it as tenants in common, alleging joint ownership as copartners. The court found that the parties were in fact tenants in common, and ordered the property sold. Appellant relies on the following language of the opinion:

"The right of partition by a tenant in common of real property is absolute, in the absence of an agreement to hold the property in such a tenancy for a definite and fixed time."

Assuming that a tenant in common has an absolute right to maintain an action for partition, the case cited does not support appellant's contention that, under the circumstances here shown, respondents may not maintain this action.

Appellant relies upon the case of *Nellis v. Lathrop,* 22 Wend. 121, 34 Am. Dec. 285. · This was an action for rent under a lease, the lessee apparently having removed from the premises. A judgment in favor of the plaintiff was reversed on appeal, the appellate court holding that the defendant had the right to show that subsequent to the date of the lease he had acquired title to a portion of the. demised premises. The court called attention to the rule that a tenant may not deny that, at the time of the making of the lease, his landlord had a right to make the same, and that he cannot defend an action for rent on the ground that he has acquired an outstanding title adverse to that of the landlord. The opinion proceeds to state, however, that this rule does not go so far as to prevent the acquisition by the tenant of his landlord's title through a sheriff's sale or redemption, which amounts to the same thing as the acquisition of his landlord's title by deed. The court's holding that the tenant, in mitigation of the landlord's claim for rent, was entitled to show that he had acquired title to a portion of the premises, does not support appellant's contention here. In the case at bar, the court accorded appellant that very relief.

Appellant cites the case of *Atwood v. McGrath,* 137 Wash. 400, 242 Pac. 648, which was an action in equity brought for the purpose of setting aside a judgment

and other judicial proceedings, together with a sheriff's deed and mortgages and deeds from grantees of the purchaser at the execution sale. It appeared that one of these grantees was a tenant of the judgment debtor whose property was sold, being then in possession of the property under a lease. It was contended that the tenant was estopped to deny his landlord's title as it existed at the time the lease was made. Concerning this question, the court said:

"The above statement of the principle of the law answers itself. The landlord's title, *as it existed at the time the tenant entered into the lease,* was extinguished by operation of law, and, in such a case, anyone is entitled to acquire the title, even though he be a tenant.

"The rule is general and well settled that a tenant in undisturbed possession of demised premises is estopped to deny the title of his landlord, as such landlord's title existed at the time of the creation or inception of the tenancy, before surrender of possession to the landlord. 35 C. J. pp. 1224-1227, and p. 1246, to this effect.

"Ordinarily, a tenant may show that he has acquired the title of the landlord, or that he has become a purchaser at a mortgage foreclosure sale, or at a judicial or execution sale, during the existence of the tenancy; and may acquire the title by purchase from one who purchased at such a sale during his tenancy. See, also, 16 R. C. L., pp. 656 and 665."

The case cited does not support appellant's contention. The general rule referred to by the court supports respondents' position.

Appellant also cites the case of *Twardus v. Crewson,* 182 Wash. 522, 47 P. (2d) 829. This was an action to quiet title, the defendants, by cross-complaint, asking similar relief as against the plaintiffs. It appeared that the defendants, being tenants of the plaintiffs, obtained title to the demised premises by acquiring a

deed through foreclosure of a lien for local assessments. It was contended that a tenant could not in such manner acquire his landlord's title. Concerning this phase of the case, we said:

"The appellants seek to avoid the effect of the statutes and cases cited, by reason of the fact that the purchaser of the certificate from the city in this case was a tenant of the appellants in possession of the property. While it is the general rule that a tenant in possession will not be permitted to deny his landlord's title, as such title existed at the creation or inception of the tenancy, that rule does not prohibit the tenant from becoming a purchaser at a judicial or execution sale, for the reason that, by purchase at such sale, he is not disputing his landlord's title as of the time when the tenancy was created, but is acquiring a title which subsequently arose."

The court again referred to the general rule that a tenant in possession may not deny his landlord's title as the same existed at the time of the creation of the tenancy. The case does not support appellant's contention.

In the case at bar, appellant became the tenant of all of the tenants in common of the property, and should not be permitted to change its relationship as to the considerable majority by acquiring the undivided interests of a few. While the possession of one tenant in common is, generally speaking, the possession of all, that rule is inapplicable to such a situation as is here presented, and should not be applied, to respondents' detriment, in the case at bar. Appellant seeks to avail itself of its after-acquired undivided interest in the premises for the purpose of defeating respondents' claim for the payment of rent.

In the case of *Barlow & Co. v. Dahm*, 97 Ala. 414, 12 So. 293, 38 Am. St. 192, it appeared that the plaintiffs were lessees of the defendants, who actually owned

only an undivided two-thirds interest in the demised premises. While in possession under the lease, the plaintiffs acquired by purchase the other one-third interest in the property, whereupon without restoring possession of the premises to their lessors, they instituted an action for partition. The supreme court of Alabama held that the plaintiffs, having entered into possession of the premises as tenants, and having thereafter acquired from a person other than their lessors an undivided interest in the property, could not assert any right as tenants in common to a partition without first surrendering possession of the premises to their lessors. In the course of its opinion, the court said:

"The only ground upon which complainants seek to maintain this bill is, that on the 17th of May, 1890, during the existence of their lease from defendants, and their possession under it, they acquired by purchase from a third person, an undivided third interest in the land. Admitting that defendants own two-thirds of it, and asserting their own claim to a third interest therein, they file this bill for a sale of said land for partition, while still holding possession of the entire premises under their lease from the Meahers, without having surrendered the possession to their landlords. This as tenants, they are not permitted to do. 'The landlord can only be required to litigate title with his tenant, upon the vantage ground of possession.' "

In the case of *Bertram v. Cook*, 32 Mich. 518, the court was called upon to consider the right of a tenant to assert against his landlord a title acquired during his possession as tenant. In the course of the opinion, the court said:

"It has been repeatedly decided in this state, that a person who has obtained possession of premises under a lease cannot dispute his landlord's title. He cannot, by his own act merely, change the tenure so as to enable himself to hold against his landlord, nor can he,

during the continuance of the tenancy, make a valid attornment to a third person, without his landlord's consent, or buy in an outstanding title.

"Having obtained possession as tenant, he can do no act inconsistent with, or which would change the relation existing between himself and his landlord, without first yielding and delivering up to the latter possession of the premises which he acquired from him. The landlord has a right to rely upon the relation as a protection. To permit the tenant to do otherwise, would be but holding out inducements to him to take advantage of his position for his own benefit and to the injury of his landlord. The law very wisely, therefore, holds all such agreements as being contrary to public policy and void, and sternly refuses to permit the person entering under such an agreement from obtaining any advantage thereby."

Manifestly, if a tenant who entered into possession of real estate under a lease could, by acquiring a very small undivided interest in the property, thereafter maintain possession without payment of rent, and limit his cotenants in common to the remedy of an action in partition, a great injustice might result.

This court, in the cases of *Phillips v. Port Townsend Lodge*, 8 Wash. 529, 36 Pac. 476, and *Bond v. Chapman*, 34 Wash. 606, 76 Pac. 97, has considered questions in connection with defenses which may be urged by a defendant in an action for unlawful detainer.

The trial court correctly ruled in respondents' favor, and the judgment appealed from is affirmed.

ROBINSON, C. J., BLAKE, and SIMPSON, JJ., concur.